**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**James Ray SHELL, a/k/a Kelly Barrick
Bonney, a/k/a Chris Raymond Weber,
Defendant–Appellee.**

**No. 91–30206.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 4, 1992.

Opinion Filed April 3, 1992.

Opinion Withdrawn Sept. 8, 1992.

Decided Sept. 8, 1992.

Brian P. Conry, Portland, Or., for defendant-appellee.

Douglas B. Whalley, Asst. U.S. Atty., Seattle, Wash., Patty Merkamp Stemler, U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellant.

Before: WRIGHT and ALARCON, Circuit Judges, and FONG,* District Judge.

## ORDER

The appellee's petition for rehearing is GRANTED. The opinion filed April 3, 1992 is WITHDRAWN.

EUGENE A. WRIGHT, Circuit Judge:

In our prior opinion, 961 F.2d 138, (9th Cir.1992) which has been withdrawn, this court held that the six year delay between Shell's indictment and arrest did not violate his Sixth Amendment right to a speedy trial because he failed to show actual prejudice.

Shell filed a false passport application in 1978 under the name Bonney. After a DEA investigation of his alleged involvement in a heroin conspiracy, he fled the United States and lived in Hong Kong for several years before he was deported to

---

* Honorable Harold M. Fong, United States District Judge, for the District of Hawaii, sitting by designation.

Guam. While abroad he used the alias Chris Weber. From 1980 to 1984, the government unsuccessfully attempted to locate him.

In 1984, a grand jury indicted Shell on the 1978 passport charge. From 1984 to 1989, his file was misplaced and the government made no attempt to locate him. In 1989, a new search began for Shell, and the government located and arrested him in Guam in 1990. Shell moved to dismiss the indictment. The district court granted his motion based on the post-indictment delay. We reversed. We excused the government's negligence and the delay because Shell had not shown resulting prejudice.

Shortly after our opinion was filed, the Supreme Court held that a defendant was not always required to show actual prejudice to prove a violation of his speedy trial rights. *Doggett v. United States*, — U.S. —, —, 112 S.Ct. 2686, 2694, 120 L.Ed.2d 520 (1992). The Court modified the *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) four-part test, and held that no showing of prejudice is required when the delay is great and attributable to the government.

In *Doggett*, the defendant was arrested eight years after he was indicted. The Court found that his inability to demonstrate actual prejudice did not defeat his speedy trial claim because such excessive delay presumptively compromised the trial's reliability in unidentifiable ways. The Court explained,

> we generally have to recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify.... When the Government's negligence thus causes delay six times as long as that generally sufficient to trigger judicial review, and when the presumption of prejudice, albeit unspecified, is neither extenuated, as by the defendant's acquiescence, nor persuasively rebutted, the defendant is entitled to relief.

*Id.* — U.S. —, —, 112 S.Ct. at 2693–94 (footnotes omitted). After an examination of the other three *Barker* factors, the

Court concluded that Doggett's speedy trial rights had been violated.

Both parties have filed supplemental briefs, commenting on the application of *Doggett*. The government is unable to distinguish *Doggett*. It fails to convince us that we must reverse the district court's judgment.

 The government first argues that its negligence in failing to locate Shell was substantially less than that in *Doggett*. It contends that its negligence was responsible only for a three year delay, not a six year delay. The district court found that the government lost Shell's file in 1984, and did not resume its search for him until late in 1989. The record supports this finding. The presumption of prejudice increases with the length of the delay. *Doggett, Id.* at —, 112 S.Ct. at 2693. Five years delay attributable to the government's mishandling of Shell's file, like the eight year delay in *Doggett*, creates a strong presumption of prejudice.

 Nor has the government "persuasively rebutted" the presumption of prejudice. *Id.* at —, 112 S.Ct. at 2694. It suggests that because Shell has conceded that most of the essential witnesses and documentary evidence is still available, the presumption of prejudice is rebutted. We are not persuaded. Although the Court did not define precisely what type of evidence must be shown to rebut the presumption, we have little doubt that the government has failed to meet its burden here.

We GRANT the appellee's petition for rehearing and affirm the judgment of the district court.