990 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Denise D. TOUCHARD, Defendant-Appellant.
 No. 92-50478.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 6, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Denise Touchard appeals her conviction, by conditional guilty plea, for conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1) (1988). Touchard argues that the 53-month delay between her indictment and arrest violated her Sixth Amendment right to a speedy trial. We have jurisdiction pursuant to 28 U.S.C. § 1291 (1988). We affirm.
 
 
 3
 The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy ... trial...." In evaluating a claim of excessive post-indictment delay under this provision, we balance four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's timely assertion of the right; and (4) the prejudice, if any, suffered by the defendant. Barker v. Wingo, 407 U.S. 514, 530 (1972). In Doggett v. United States, 112 S.Ct. 2686, 2694 (1992), the Supreme Court modified the Barker analysis slightly, holding that no showing of particularized prejudice is required where the delay is excessive and attributable to the government. See United States v. Shell, 974 F.2d 1035, 1036 (9th Cir.1992).
 
 
 4
 Touchard was indicted on September 25, 1987. She was arrested on March 6, 1992, almost four-and-a-half years later. This delay suffices to trigger judicial examination of the claim and weighs in Touchard's favor in the Barker analysis. See Doggett, 112 S.Ct. at 2690-91; Shell 974 F.2d at 1036.
 
 
 5
 The district court found that the Drug Enforcement Agency was not negligent in its search for Touchard, a finding which is entitled to "considerable deference," see Doggett, 112 S.Ct. at 2691 (citation omitted), and which is supported by the record. The DEA agents made several attempts to locate Touchard. They repeatedly searched law enforcement computer databases for information concerning her whereabouts and conducted surveillance of three different residences. In addition, agents unsuccessfully sought pertinent information from the Department of Social Services and the Los Angeles Unified School District. The court did not err in finding that the agents searched diligently.
 
 
 6
 Nor did the court err in its determination that Touchard knew of the indictment pending against her. The district judge properly based his finding on Touchard's courtroom demeanor, on the fact that Touchard was "well acquainted" with convicted codefendant Milton Brown, and on her attempts to evade authorities. Touchard's failure to assert vigorously and timely the right to a speedy trial weighs heavily against her. See Doggett, 112 S.Ct. at 2691.
 
 
 7
 Touchard argues that she was presumptively prejudiced. However, because the government pursued her with reasonable diligence, she must show specific prejudice. See id. at 2693.
 
 
 8
 Touchard argues that the lengthy post-indictment delay prejudiced her defense in that: (1) she was denied an opportunity to cooperate with the government, and (2) she is now unable to locate a potentially favorable witness, Frank Miller. The record fails to indicate that Touchard would have been offered a deal or that Miller would have provided exculpatory testimony.
 
 
 9
 The district court properly applied the Barker factors and concluded that Touchard's speedy trial right was not violated. Nothing in Doggett is to the contrary.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3