39 F.3d 1186
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Russell R. CRIDER, Petitioner-Appellant,
v.
George A. SMITH; Daniel E. Lungren, Attorney General of
California, Respondents-Appellees.
 No. 94-55321.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 8, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Russel R. Crider, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition. Crider was convicted, following a bench trial, of burglary, armed robbery, false imprisonment, and car theft, and was sentenced to 100 months imprisonment. Crider contends that the district court erred by denying his petition, and that his Sixth Amendment right to a speedy trial was violated. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo the denial of a petition for habeas corpus. Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994). Findings of fact by the state court are entitled to a presumption of correctness under 28 U.S.C. Sec. 2254(d) and are reviewed for clear error. Jeffries v. Blodgett, 5 F.3d 1180, 1187 (9th Cir.1993). We affirm.
 
 A. Background
 
 3
 On July 7, 1985, Crider and two others broke into a San Diego home, tied up the two residents and stole several items, including a blank check which Crider forged and cashed the next day. On September 11, 1985, Crider was arrested in Nevada on an outstanding Louisiana warrant for his arrest. On September 13, 1985, Detective Wilton Stephenson from the San Diego Police Department received information about Crider's arrest and traveled to Nevada. After waiving his Miranda rights, Crider confessed to the San Diego burglary.
 
 
 4
 Crider was extradited to Shrevesport, Louisiana on September 22, 1985. On December 6, 1985, the San Diego County District Attorney's office filed a 6-count complaint against Crider for the burglary. On December 19, 1985, a warrant issued for Crider's arrest was entered into the National Crime Information Center (NCIC) computer network.
 
 
 5
 On April 4, 1986, Detective Stephenson filed an addendum to his report with the San Diego County District Attorney's office, stating that he had received information that Crider was incarcerated in Louisiana, but would soon be extradited to Florida. The district attorney's office claims that it never received this report. Crider was extradited to Florida on March 31, 1987, and pleaded guilty one year later to second-degree murder. He received a twelve-year sentence.
 
 
 6
 On April 7, 1989, the FBI contacted the San Diego County Marshal's office, and suggested an update of the description of Crider used in the Marshal's wanted persons record. The update disclosed that Crider had been incarcerated in Florida, but it did not give any information regarding his current location. The Marshal's office turned the information over to the San Diego County District Attorney's Office.
 
 
 7
 Crider was released from a Florida prison on July 2, 1990, and travelled to Missouri. On July 17, 1990, Crider was arrested while attempting to obtain a driver's license, after an NCIC computer check revealed the outstanding California arrest warrant. Crider was extradited to California, and on August 8, 1990, the San Diego District Attorney's office filed an information charging Crider with the 1985 burglary. On October 24, 1990, Crider was convicted following a two-day bench trial.
 
 B. Discussion
 
 8
 The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy ... trial." U.S. Const. amend. VI. A court weighs four factors to determine whether a defendant has been denied a right to a speedy trial under the Sixth Amendment: (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant timely asserted his speedy trial right; and (4) any prejudice resulting from the delay. Barker v. Wingo, 407 U.S. 514, 530-33 (1972); Doggett v. United States, --- U.S. ----, 112 S.Ct. 2686, 2690 (1992).
 
 
 9
 The Supreme Court recently modified the fourth factor of Barker, holding that a defendant is not always required to show actual prejudice in order to prove a violation of his speedy trial rights. Doggett, 112 S.Ct. at 2693-2694. Prior to Doggett, the defendant had to show actual prejudice, see United States v. Loud Hawk, 474 U.S. 302, 315 (1986), whereas prejudice may now be presumed depending on the length of, and reasons for, the delay.
 
 
 10
 When the government has used reasonable diligence to locate the defendant, the defendant must show that the delay caused actual prejudice to his defense. Doggett, 112 S.Ct. at 2693-2694; United States v. Aguirre, 994 F.2d 1454, 1457 (9th Cir.), cert. denied, 114 S.Ct. 645 (1993). When government negligence caused the delay, the need to prove prejudice diminishes as the delay increases. Doggett at id.; United States v. Beamon, 992 F.2d 1009, 1013 (9th Cir.1993). Finally, when the delay is lengthy and attributable to bad faith by the government, no showing of prejudice is required. Doggett at id.; United States v. Shell, 974 F.2d 1035, 1036 (9th Cir.1992).
 
 
 11
 The length of the delay is a "threshold" factor. United States v. Sears, Roebuck and Co., Inc., 877 F.2d 734, 739 (9th Cir.1989). If the defendant can demonstrate that the delay was long enough to be "presumptively prejudicial", it is necessary to examine the other three factors. Doggett, 112 S.Ct. at 2690-2691.
 
 
 12
 Here, 58 months passed between the time that the San Diego County district attorney filed the complaint against Crider and issued a warrant for his arrest, and Crider's trial. A delay approaching one year generally triggers further inquiry into the constitutionality of the delay. See Doggett, 112 S.Ct. at 2691 n. 1; see also Aguirre, 994 F.2d at 1456-57 (five year delay is long enough to meet threshold factor under Barker ). Because the delay in this case is long enough to raise the presumption of prejudice, we examine the other three Barker factors in turn. See United States v. Beamon, 992 F.2d 1009, 1012-13 (9th Cir.1993).
 
 
 13
 "The reason for the delay is the focal inquiry." Sears, 877 F.2d at 739. Where the government conducted a diligent search for the defendant, the blame for the delay will be weighed against the defendant. Aguirre, 994 F.2d at 1457.
 
 
 14
 Here, the district court found that the government did act in a diligent and responsible manner in its attempt to bring Crider to justice. This finding is entitled to "considerable deference," see Doggett, 112 S.Ct. at 2691, and is supported by the record. Crider was incarcerated in Louisiana and Florida on unrelated charges during the nearly 5 years between his indictment and trial for the San Diego charges. During that time, the government attempted to locate Crider by entering the warrant for his arrest into the NCIC computer network. On July 17, 1990, the Missouri Department of Motor Vehicles conducted a computer check on Crider which revealed his outstanding warrant, and as a result, Crider was arrested. The San Diego County district attorney's office filed an information charging Crider with the 1985 crime less than a month later on August 13, 1990. The trial began two months later on October 23, 1990. Because the government acted diligently, the delay weighs against Crider. See Aguirre, 994 F.2d at 1457.
 
 
 15
 We next turn to the third factor, Crider's assertion of his rights. A defendant's failure to assert the right to a speedy trial in a timely fashion weighs heavily against him. Sears, 877 F.2d at 740; Barker, 407 U.S. at 531. If a defendant is unaware of the indictment, however, his failure to assert his right to a speedy trial will not be held against him. See Beamon, 992 F.2d at 1013.
 
 
 16
 Crider first asserted his right to a speedy trial at the pre-trial hearing, following his arrest and extradition to California. Despite having confessed to the San Diego robbery in 1985, Crider made no effort during his Florida incarceration to inquire into possible charges pending against him in California. The district court's finding that Crider must have assumed that his confession to a San Diego detective would lead to an indictment was not clearly erroneous. Therefore, Crider's failure to assert his right to a speedy trial in a timely manner weighs against him. See Doggett, 112 S.Ct. at 2691; Aguirre, 994 F.2d at 1457 (Speedy Trial Clause not designed to protect "those who acquiesce in the delay--perhaps hoping the government will change its mind or lose critical evidence."); compare Smith v. Hooey, 393 U.S. 374, 383 (1968) (right to speedy trial was violated where a federal prisoner repeatedly asserted his right to trial on pending state charges over period of six years).
 
 
 17
 Finally, because the district court properly found that the government was diligent, Crider must show actual prejudice as a result of the delay. See Aguirre, 994 F.2d at 1457. Crider argues that the delay prejudiced his defense in that: (1) the testimony of one of the victims of the crime, who died in the interim, may have increased the likelihood of a reduced sentence; and (2) Crider was denied an opportunity to serve concurrent sentences. Nothing in the record indicates that the victim's testimony would have led to a lesser sentence, or that Crider would have received concurrent sentences for offenses committed in different states. Speculation that the delay may have contributed to a harsher sentence is insufficient to establish prejudice. See Beamon, 992 F.2d at 1014. Crider has not made a showing of actual prejudice as a result of the delay. See Aguirre, 994 F.2d at 1457; Beamon, 992 F.2d at 1014.
 
 
 18
 After evaluating all of the Barker factors, we do not find a violation of Crider's Sixth Amendment right to a speedy trial. Aguirre, 994 F.2d at 1457. Accordingly, the district court did not err by denying Crider's petition for habeas relief.
 
 AFFIRMED
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3