45 F.3d 438
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel Fernando WILSON, Defendant-Appellant.
 No. 94-50192.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Dec. 27, 1994.
 
 Before: SNEED, D.W. NELSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daniel Fernando Wilson appeals his conviction, following a conditional guilty plea, to one count of armed bank robbery in violation of 18 U.S.C. Sec. 2113(a), and one count of using a firearm during a crime of violence, in violation of 18 U.S.C. Sec. 924(c). Wilson contends that the district court erred by denying his motion to dismiss the indictment because his Sixth Amendment right to a speedy trial was violated. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo the denial of a motion to dismiss based upon the Sixth Amendment right to a speedy trial. United States v. Beamon, 992 F.2d 1009, 1012 (9th Cir.1993). We review the district court's factual findings for clear error. Id. We affirm.
 
 A. Background
 
 3
 On December 31, 1991, Wilson was arrested for a bank robbery which had been committed earlier that day. After federal agents questioned him and he confessed to the robbery, he was turned over to California state authorities because of several warrants for his arrest on unrelated state charges.
 
 
 4
 On May 22, 1992, a federal grand jury issued an indictment against Wilson, charging him with bank robbery, and using a firearm in relation to a crime of violence. The U.S. Attorney's office placed a federal detainer on Wilson in September 1992.
 
 
 5
 Wilson pleaded guilty to the state charge on March 31, 1993 and was sentenced to two years imprisonment. On May 2, 1993, Wilson was paroled from state prison, but detained pursuant to the federal detainer. On May 6, 1993, federal agents arrested Wilson based upon the bank robbery charged in the federal indictment. On May 7, 1993, Wilson appeared before a U.S. magistrate judge for a removal hearing, at which time counsel was appointed to represent him. Wilson was transferred to the Central District of California and remained at the federal detention center until October 4, 1993, when he was arraigned.
 
 
 6
 On November 1, 1993, Wilson filed a motion to dismiss the charges based upon a violation of his right to a speedy trial. On November 22, 1993, the district court held a hearing on this issue, and determined that Wilson had not been prejudiced by the delay. The district court denied Wilson's motion to dismiss and ordered that Wilson receive credit on his federal sentence for time served in both federal and state custody since the date of his initial arrest. Wilson entered a conditional guilty plea on November 22, 1993.
 
 B. Discussion
 
 7
 Wilson contends that the twenty-two month delay between his initial arrest and his arraignment on federal charges violated his right to a speedy trial under the Sixth Amendment. We disagree.
 
 
 8
 The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy ... trial." U.S. Const. amend. VI. A court weighs four factors to determine whether a defendant has been denied a right to a speedy trial under the Sixth Amendment: (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant timely asserted his speedy trial right; and (4) any prejudice resulting from the delay. Barker v. Wingo, 407 U.S. 514, 530-33 (1972); Doggett v. United States, 112 S.Ct. 2686, 2690 (1992).
 
 
 9
 The length of the delay is a "threshold" factor. United States v. Sears, Roebuck and Co., 877 F.2d 734, 739 (9th Cir.1989). If the defendant can demonstrate that the delay was long enough to be "presumptively prejudicial", it is necessary to examine the other three factors set forth in Barker. Doggett, 112 S.Ct. at 2690-91.
 
 
 10
 A defendant's right to a speedy trial is not activated until the date of federal accusation. See United States v. Valentine, 783 F.2d 1413, 1417 (9th Cir.1986). "One becomes 'accused' when there is 'either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge.' " United States v. Romero, 585 F.2d 391, 398 (9th Cir.1978) cert. denied, 440 U.S. 935 (1979) (quoting United States v. Marion, 404 U.S. 307, 320 (1971)); accord Sears, 877 F.2d at 739.
 
 
 11
 Wilson argues that the delay should be measured from the date of his initial arrest until his arraignment on federal charges. Although Wilson was initially arrested for the bank robbery on December 31, 1991, and questioned by federal agents, he was then detained by state authorities because of several outstanding state warrants. Wilson was not "accused" for purposes of the speedy trial clause until he was indicted on federal charges on May 22, 1992. See Romero, 585 F.2d at 398 (generally, pre-indictment delay is not tested by the speedy trial clause, but by the due process clause).
 
 
 12
 Because Wilson was not arraigned in federal court until seventeen months after he was indicted on federal charges, the delay is considered "presumptively prejudicial" under the Barker analysis. See Beamon, 992 F.2d at 1012-13 (seventeen month delay, although "not great", is sufficient to trigger Barker speedy trial inquiry); Doggett, 112 S.Ct. at 2691 n. 1 (courts have generally found delays approaching one year to be presumptively prejudicial). Therefore, we examine the other three Barker factors in turn. See Beamon, 992 F.2d at 1012.
 
 
 13
 "The reason for the delay is the focal inquiry." Sears, 877 F.2d at 739. The less at fault the government was for the delay, the more likely the delay was justified. Barker, 407 U.S. at 531.
 
 
 14
 Although the total delay between Wilson's federal indictment and arraignment was seventeen months, the government was at fault for only a portion of it. Because Wilson did not plead guilty to the unrelated state charge until March 31, 1993, a trial on the federal bank robbery charge prior to that date would have been difficult. See Arnold v. McCarthy, 566 F.2d 1377, 1383 (9th Cir.1978) (trial on a robbery charge would have been "impossible" during the first several months after indictment, since the defendant was engaged in defending against an unrelated murder charge).
 
 
 15
 The main focus of Wilson's Sixth Amendment claim, therefore, is upon the five month delay from May 1993 to October 1993. Wilson claims that the government either intentionally or negligently failed to arraign him after his removal to the federal detention center. The government admitted that the five month delay between Wilson's removal to a federal detention center and his arraignment was due to inadvertence. Because there is no evidence to suggest that this delay was intentional, we find that government negligence caused the five month delay between Wilson's federal arrest and arraignment. See Sears, 877 F.2d at 740. Whereas deliberate attempts to delay the trial should be weighed heavily against the government, " '[a] more neutral reason such as negligence ... should be weighted less heavily.' " Id. (quoting Barker, 407 U.S. at 531).
 
 
 16
 We next turn to the third factor, Wilson's assertion of his rights. Although a defendant does not waive the right to a speedy trial by failing to assert it, the degree to which the defendant has asserted the right is one of the factors to be considered in the balance. Barker, 407 U.S. at 531; Sears, 877 F.2d at 740.
 
 
 17
 Here, Wilson received the detainer informing him of the federal charges in September 1992, but failed to check the box demanding a speedy trial on the detainer form. Wilson's attorney, however, did contact the U.S. Attorney's office and request that Wilson be brought to trial on the bank robbery charge before the state charge proceeded to trial. The attorney submitted an affidavit stating that he had made this request on at least ten separate occasions. The third Barker factor does not weigh against Wilson.
 
 
 18
 Finally, we determine whether the post-indictment delay resulted in prejudice to Wilson. The amount of prejudice that the defendant must show depends on the reasons for the delay.[1] When the government has used reasonable diligence to pursue the defendant, the defendant must show that the delay caused actual prejudice to his defense. Doggett, 112 S.Ct. at 2693-94; United States v. Aguirre, 994 F.2d 1454, 1457 (9th Cir.), cert. denied, 114 S.Ct. 645 (1993). When government negligence caused the delay, the need to prove prejudice diminishes as the delay increases. Doggett at id.; Beamon, 992 F.2d at 1013. Finally, when the delay is lengthy and attributable to bad faith by the government, no showing of prejudice is required. Doggett at id.; United States v. Shell, 974 F.2d 1035, 1036 (9th Cir.1992).
 
 
 19
 Here, where government negligence caused the delay, and the delay is not lengthy, we consider "the amount of delay in relation to particularized prejudice." See Beamon, 992 F.2d at 1014 (seventeen month delay not sufficient to excuse defendant from any showing of actual prejudice). Actual prejudice may be shown by: oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the defense will be impaired with the passage of time. Doggett, 112 S.Ct. at 2692; Beamon, 992 F.2d at 1014.
 
 
 20
 Wilson contends he was prejudiced by the delay in that: (1) he experienced anxiety because he did not know when he would be prosecuted for this charge; (2) he was unable to obtain certain pieces of evidence, such as testimony from bank tellers who were no longer employed at the bank; and (3) he received a longer sentence because the state court conviction was counted in calculating his federal sentence under the Guidelines.
 
 
 21
 Nothing in the record indicates that the bank tellers would have provided exculpatory testimony. Furthermore, there was a great deal of evidence against Wilson, including a valid confession. Speculation that the delay may have contributed to a longer sentence is insufficient to establish prejudice. See Beamon, 992 F.2d at 1014. In addition, Wilson was not prejudiced by his post-indictment incarceration because he received credit at sentencing for time already served. See United States v. Baker, 10 F.3d 1374, 1401 (9th Cir.1993). Wilson's failure to demonstrate actual prejudice as a result of the delay weighs heavily in favor of the government. Id.
 
 
 22
 After evaluating all of the Barker factors, we do not find a violation of Wilson's Sixth Amendment right to a speedy trial. See Beamon, 992 F.2d at 1015. Accordingly, the district court did not err by denying Wilson's motion to dismiss. Id.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Supreme Court recently modified the fourth Barker factor, holding that a defendant is not always required to show actual prejudice in order to prove a violation of his speedy trial rights. See Doggett, 112 S.Ct. at 2693-94. Prior to Doggett, the defendant had to show actual prejudice, see United States v. Loud Hawk, 474 U.S. 302, 315 (1986), whereas prejudice may now be presumed depending on the length of, and reasons for, the delay. Doggett at id