**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lartez REYNOLDS, Defendant– Appellant.**

No. 06–10403.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 18, 2007.

Filed May 3, 2007.

Office of the U.S. Attorney, Oakland, CA, for Plaintiff–Appellee.

Eugene G. Illovsky, Esq., Morrison & Foerster, LLP, Walnut Creek, CA, for Defendant–Appellant.

Before: THOMPSON, KLEINFELD, and THOMAS, Circuit Judges.

## MEMORANDUM *

Defendant–Appellant Lartez Reynolds (a.k.a. Lartez Quarrels) appeals his conviction for conspiracy to possess and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841 and 846. Reynolds argues the district court erred in denying his motion to dismiss the indictment on speedy trial grounds where there was a delay of four years and eight months between the filing of the indictment and his arrest, during which time he had no knowledge of the indictment. Reynolds contends the district court's primary error in ruling on his motion to dismiss was in requiring him to show actual prejudice from the delay, rather than concluding that the delay was presumptively prejudicial. We agree with Reynolds and therefore remand this case to the district court to allow the government the opportunity to rebut the presumption of prejudice.

In determining whether a criminal defendant's Sixth Amendment right to a speedy trial has been violated by the government's delay, courts apply the following four factors: "[1] whether delay before trial was uncommonly long, [2] whether the government or the criminal defendant is more to blame for that delay, [3] whether, in due course, the defendant asserted his right to a speedy trial, and [4] whether he suffered prejudice as the delay's result." *Doggett v. United States,* 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992) (citing *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)).

The court has no obligation to consider the last three *Barker* factors unless, under the first factor, the accused is able to show that the delay in his case crossed the line between ordinary and "presumptively prejudicial." *Id.* at 651–52, 112 S.Ct. 2686.

"[C]ourts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year." *Id.* at 652 n. 1, 112 S.Ct. 2686 (citations omitted).

Reynolds was indicted on December 10, 1998, and arrested on August 23, 2003. This fifty-six-month delay between indictment and arrest is presumptively prejudicial, at least as it relates to the first *Barker* factor. *See United States v. Gregory,* 322 F.3d 1157, 1161–62 (9th Cir.2003); *United States v. Beamon,* 992 F.2d 1009, 1012 (9th Cir.1993). Reynolds thus succeeded in invoking the court's obligation to consider "the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim[,]" as well as its obligation to consider the other three factors of the *Barker* test. *Doggett,* 505 U.S. at 652, 112 S.Ct. 2686.

In analyzing the first *Barker* factor, the district court concluded that the four-year, eight-month delay in this case was not uncommonly long, but that it was long enough to warrant a "second look." It based this finding on the five-year statute of limitations for general federal crimes, the conclusion in *United States v. Aguirre,* 994 F.2d 1454 (9th Cir.1993), that a similar amount of time was not uncommonly long, and the fact that Reynolds's codefendants' appeal was still pending at the time of his arrest. These are improper justifications for the district court's finding. That the government was not *required* to charge Reynolds with a crime until five years after his commission of the alleged acts has no bearing on the nearly five-year delay that occurred *after* the government had in fact filed the indictment. *See United States v. Marion,* 404 U.S. 307, 313, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971) (holding that "the Sixth Amendment speedy trial

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

provision has no application until the putative defendant in some way becomes an 'accused,'" for example, when the indictment is filed).

The district court also erred in relying on *Aguirre* for the conclusion that four years and eight months was not an uncommonly long delay. *Aguirre* is distinguishable from this case in that, in *Aguirre*, "[c]entral to our analysis [wa]s [our affirmance of] the district court's finding that the government's search for Aguirre was diligent." *Aguirre*, 994 F.2d at 1457. Additionally, the fact that Reynolds's codefendants' appeal had only recently become final when the district court issued its order is irrelevant to whether the delay between Reynolds's indictment and his arrest was uncommonly long. Appeal of a conviction represents a completely different stage of a criminal case than arrest of the defendant. The district court erred in finding that the four-year, eight-month delay between Reynolds's indictment and his arrest was not uncommonly long.

Under the second *Barker* factor regarding which party was more to blame for the delay, *see Doggett*, 505 U.S. at 651, 112 S.Ct. 2686, the district court clearly erred in finding that the government diligently sought Reynolds during the entire period between his indictment and his arrest, *see Gregory*, 322 F.3d at 1160 (reviewing district court's factual determinations in connection with speedy trial claim for clear error). The government only presented evidence of attempts to apprehend Reynolds during, at most, six of the total fifty-six months of delay. During the other fifty months, the most that can be said for the government is that the warrant for Reynolds's arrest was listed in the National Crime Information Center ("NCIC") database.

Furthermore, the entity responsible for Reynolds's apprehension after December 29, 1998—the United States Marshals Service—negligently destroyed Reynolds's file before his motion to dismiss the indictment on speedy trial grounds could be heard. *See United States v. Shell*, 974 F.2d 1035, 1036 (9th Cir.1992) (finding a strong presumption of prejudice where the government misplaced the defendant's file for five years after the filing of the indictment). Because the government did not explain fifty months of delay in Reynolds's case and there is no evidence that Reynolds knew of the indictment or was in any way responsible for the delay, the district court erred in not weighing the second *Barker* factor in Reynolds's favor. *See McNeely v. Blanas*, 336 F.3d 822, 827, 831 (9th Cir.2003). *But cf. Aguirre*, 994 F.2d at 1455–57 (upholding district court's finding of government diligence when agents only entered "stops" in various law enforcement databases after being unable to locate the defendant, who was aware of the indictment from the time of its filing).

With regard to the third *Barker* factor, the district court properly weighed this factor—the defendant's assertion of his speedy trial right, *Doggett*, 505 U.S. at 651, 112 S.Ct. 2686—in Reynolds's favor. Its finding that Reynolds did not know of the indictment until the time of his arrest is not clearly erroneous. Without knowledge of the indictment, Reynolds could not have acquiesced in the delay. *See id.* at 653–54, 112 S.Ct. 2686.

When the district court reached the fourth *Barker* factor, its analysis was tainted by its finding under factor two that the government had pursued Reynolds with reasonable diligence. A finding of reasonable diligence required Reynolds to prove actual prejudice to prevail on his speedy trial claim. *Id.* at 656, 112 S.Ct. 2686. Because the finding of diligence was erroneous, however, the district court should have presumed Reynolds suffered prejudice due to the fifty months of delay attributable to the government's negligence.

See id. at 657–58, 112 S.Ct. 2686. The government then should have been given the opportunity to rebut that presumption. Id. at 658, 112 S.Ct. 2686.

We reverse the district court's denial of Reynolds's motion to dismiss the indictment on Sixth Amendment speedy trial grounds and remand this case to the district court. On remand, the district court shall afford the government an opportunity to rebut the presumption of prejudice. In remanding for this purpose, we note that "[a]lthough the [Supreme] Court did not define precisely what type of evidence must be shown to rebut the presumption," it is not enough for the government simply to point to the absence of a particularized showing of actual prejudice by the defendant. Shell, 974 F.2d at 1036.

**REMANDED** for further proceedings consistent with this disposition.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.