MEMORANDUM **
The government appeals the district court’s dismissal on speedy trial grounds of its indictment against Hernán Ospina for money laundering of drug trafficking proceeds and conspiracy to launder drug trafficking proceeds under 18 U.S.C. § 1956. We affirm.
The outcome here is controlled by United States v. Mendoza, 530 F.3d 758 (9th Cir.2008) (applying the factors set out in Barker v. Wingo, 407 U.S. 514, 530-33, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), to uphold dismissal when the government’s only attempt to apprehend the defendant was to post a warrant on a law enforcement database). Over twelve years passed between the return of the indictment against Ospina and Ospina’s appearance for trial; delay of this order of magnitude is presumptively prejudicial. Mendoza, 530 F.3d at 762. During that time, the government entered Ospina’s information into a domestic law enforcement database but did nothing more. Cf. United States v. Corona-Verbera, 509 F.3d 1105, 1115 (9th Cir.2007) (finding no Sixth Amendment violation where the government entered defendant’s name in the National Crime Information Center database and the border computer system, and arranged for Unsolved Mysteries and America’s Most Wanted to air a segment identifying defendant with a mug shot twenty times in the U.S. and Mexico). Ospina was living openly in Colombia near a U.S. government informant and was unaware of the indictment. See Mendoza, 530 F.3d at 763. The government made no attempt to find him or advise him of the indictment, and the district court found that it was not reasonably diligent. See id.; Doggett v. United States, 505 U.S. 647, 652, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992) (noting that trial court determinations of negligence are reviewed with “considerable deference”). Once arrested, Ospina immediately asserted his speedy trial rights. See Doggett, 505 U.S. at 653-54; 112 S.Ct. 2686 (stating that a defendant unaware he has been indicted “is not to be taxed for invoking his speedy trial right only after his arrest”). Finally, prejudice is presumed because the government was negligent in pursuing Ospina. See id. at 658, 112 S.Ct. 2686; Mendoza, 530 F.3d at 764-65; id. at 767-68 (Bybee, J., concurring); United States v. Shell, 974 F.2d 1035, 1036 (9th Cir.1992) (“[N]o showing of prejudice is required when the delay is great and attributable to the government.”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.