*Supp. 4 Opinion
KARNOW, P. J.

Introduction

Petitioner Abraham Leaututufu (Petitioner) seeks a writ of mandate in aid of his federal right to a speedy trial. A petition for writ of mandate is appropriate where a defendant claims a violation of this right. (E.g., Ogle v. Superior Court (1992) 4 Cal.App.4th 1007, 1013-1014 [6 Cal.Rptr.2d 205].) We defer to the court’s factual findings. (E.g., Joseph v. San Francisco Housing Authority (2005) 127 Cal.App.4th 78, 81 [25 Cal.Rptr.3d 179].)
We are called on to review the application of the now classic test to determine if postarrest delay violates a defendant’s speedy trial rights under the federal Constitution. (Barker v. Wingo (1972) 407 U.S. 514 [33 L.Ed.2d 101, 92 S.Ct. 2182].) In the most general terms, in determining whether or not to dismiss for delay, courts are to weigh the length of the delay, the reason for the delay, the defendant’s assertion of his rights, and prejudice to the defendant.
Petitioner claims the court below erred in failing to grant his motion to dismiss the charges. We determine the trial court arrived at the correct result, and deny the petition.

Procedural History

On September 13, 2008, Petitioner was arrested for violating Vehicle Code section 23152, subdivisions (a) and (b) (driving under the influence; DUI), and Penal Code section 69 (resisting arrest). The matter was discharged on September 15, 2008, under “disposition code 27,” indicating further investigation was necessary. On October 9, 2008, a complaint was prepared and attached to an affidavit for an arrest warrant. The warrant was filed with the superior court on October 20, 2008. Petitioner’s address was known to the police through the incident report.
The warrant was not served until 22 months later. On July 11, 2010, Petitioner was discharged from an Alameda County jail, where he had been held in connection with an unrelated incident, and the Alameda authorities served him with the warrant based on the September 2008 DUI.
*Supp. 5 On July 29, 2010, Petitioner was arraigned and invoked his speedy trial rights. On August 4, 2010, he filed a motion to dismiss based on the violation of his federal speedy trial rights. At the August 27, 2010 hearing, the trial court found that the People’s justification was not persuasive.[1] On September 27, 2010, Petitioner filed a request for a stay and a petition for writ of mandate with us. We issued an order staying the proceedings on October 1, 2010. On April 12, 2011, we granted the petition for writ of mandate with instructions to the trial court to expressly weigh the Barker speedy trial factors.
On June 14, 2011, a different trial judge heard Petitioner’s motion to dismiss. She found that Petitioner was not served until well past the one-year statute of limitations for misdemeanors, and stated that prejudice was presumed, but with the caveat that “it’s not an irrebuttable presumption.” The judge apparently concurred with the Petitioner’s position that once prejudice is presumed, the prosecution had the burden to show a justification for the delay. The trial judge rejected the People’s justification. Argument then devolved to whether Petitioner had shown actual prejudice, and the extent to which such actual prejudice was an element under Barker. The trial court judge found the “presumption” of prejudice but reiterated her belief that the presumption was not “an irrefutable presumption.” The trial court found there was no actual prejudice from the delay: “My analysis is the delay was more than a year. It was not occasioned by the defendant. I have made that clear already .... Secondly, I don’t hear any really good justification—I don’t hear any justification for the delay from the people. So again the only issue is whether—and I don’t hear any actual prejudice. So the question is whether we get to that point or not or whether it’s automatically dismissed once there’s a delay of more than a year if the People don’t show—if the People don’t show a justification for the delay.”
The trial court held that the presumption of prejudice was ultimately of no moment because no actual prejudice was shown: “I’m weighing [the Barker v. Wingo factors]. There’s no—there is a presumption of prejudice. There’s no justification for the delay. And I’m going back; there’s no prejudice. Period. No prejudice has been shown.”
The court denied the motion to dismiss and stayed proceedings pending a petition for writ of mandate. We sought supplemental briefing on August 10, 2011, ordering the parties to address among other things the effect of presumed prejudice under Serna v. Superior Court (1985) 40 Cal.3d 239 [219 Cal.Rptr. *Supp. 6 420, 707 P.2d 793], Bellante v. Superior Court (2010) 187 Cal.App.4th Supp. 1 [113 Cal.Rptr.3d 452], and People v. Alvarado (1997) 60 Cal.App.4th Supp. 1 [72 Cal.Rptr.2d 209].

Discussion

Confronted with a claim of denial of postarrest Sixth Amendment right to a speedy trial, when the defendant makes a showing of prejudice (presumed or actual), the court weighs the four factors set forth in Barker v. Wingo, supra, 407 U.S. 514 (Barker), and Serna v. Superior Court, supra, 40 Cal.3d 239, 252 (Serna). In misdemeanor cases, such as this, a delay of more than one year between arrest and arraignment is presumed to be prejudicial, thus giving rise to the Barker test.[2] Those four factors are the length of the delay; the reason for the delay; the defendant’s assertion of his rights; and prejudice to the defendant.[3]
The case before us concerns the role of delay and its effect on the fourth factor, prejudice. Much of the confusion in this area is the result of the failure to distinguish between the similar, but different, tests for a violation of speedy trial rights under the California Constitution and under the Sixth Amendment. The People’s opposition to the petition perpetuates this confusion by relying on discussions in Serna which, patent to anyone reading the headings in the opinion, address state, not federal, law (Serna, supra, 40 Cal.3d at p. 250). There, Serna relies on and quotes Crockett v. Superior Court (1975) 14 Cal.3d 433, 440, footnote 8 [121 Cal.Rptr. 457, 535 P.2d 321], which also expressly considered only state law and not federal law (“Petitioners do not purport to rely on federal constitutional rights to a speedy trial . . . .”).
Too, confusion stems from the fact that the term “presumptively prejudicial” or “presumed prejudice” is used in at least two different ways. It is used to describe the length of a delay sufficient to trigger the Barker four-part test: a one-year period, for example, is “prejudicial” in a misdemeanor case,[4] requiring resort to the Barker test. (See generally Cal. Criminal Law: Procedure and Practice (Cont.Ed.Bar 2009) § 19.5, p. 510.) The initial *Supp. 7 assertion of prejudice by the defendant due to the length of the delay, serves as a triggering mechanism for further analysis. “ ‘Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance.’ ” (Rennie v. Martin (E.D.Cal., Sept. 8, 2011, No. 2:09-cv-698-WBS TJB) 2011 WL 4006575, p. *10, quoting Barker, supra, 407 U.S. at p. 530.)
Having found the appropriate amount of delay, the trial court then must proceed to the four factor balancing test, in which context the court again looks at delay as one of the factors. (Rennie v. Martin, supra, 2011 WL 4006575 at p. *12.)[5] Here, as in a number of earlier cases, the issue reduces to whether “prejudice” (the fourth Barker factor) can only be demonstrated with actual prejudice (such as lost evidence, dead witnesses, demonstrated failed memory, and the like) or whether it also can be met by a more generalized type of prejudice, a function of delay itself, and if so, how long that delay must be. Among our sister appellate divisions, there are cases going both ways.[6] (Bellante v. Superior Court, supra, 187 Cal.App.4th Supp. 1 [general or presumptive prejudice enough]; People v. Alvarado, supra, 60 Cal.App.4th Supp. 1 [actual prejudice required].)[7]
In Doggett the Supreme Court recognized that where the delay is great in consideration of the crime charged that it may be impossible for the defendant to produce evidence of demonstrable prejudice. Under these circumstances, the Court in effect recognizes what may be termed a conclusive presumption of actual prejudice. Indicating the defendant had done enough to secure dismissal on speedy trial grounds, the Court wrote: “[T]he Government claims Doggett has failed to make any affirmative showing that the delay weakened his ability to raise specific defenses, elicit specific testimony, or produce specific items of evidence. Though Doggett did indeed come up *Supp. 8 short in this respect, the Government’s argument takes it only so far: consideration of prejudice is not limited to the specifically demonstrable, and, as it concedes [citations], affirmative proof of particularized prejudice is not essential to every speedy trial claim. [Citations.] Barker explicitly recognized that impairment of one’s defense is the most difficult form of speedy trial prejudice to prove because time’s erosion of exculpatory evidence and testimony ‘can rarely be shown.’ 407 U.S., at 532. And though time can tilt the case against either side, see id., at 521; [United States v.] Loud Hawk[(1986) 474 U.S. 302], at 315 [88 L.Ed.2d 640, 106 S.Ct. 648], one cannot generally be sure which of them it has prejudiced more severely. Thus, we generally have to recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify. While such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other Barker criteria, see Loud Hawk, supra, at 315, it is part of the mix of relevant facts, and its importance increases with the length of delay.” (Doggett v. United States, supra, 505 U.S. at pp. 655-656.)
It appears plain, thus, that “presumptive prejudice” may be enough to require dismissal of the charges when there is no justification presented by the government. Indeed, dissenting Justice O’Connor disagreed with the majority on exactly this issue: “Although the delay between indictment and trial was lengthy, petitioner did not suffer any anxiety or restriction on his liberty. The only harm to petitioner from the lapse of time was potential prejudice to his ability to defend his case. We have not allowed such speculative harm to tip the scales. Instead, we have required a showing of actual prejudice to the defense before weighing it in the balance.” (Doggett v. United States, supra, 505 U.S. at pp. 658-659 (dis. opn. of O’Connor, J.), italics added.)
Our Supreme Court, too, so understands the federal requirement: “Therefore, if a misdemeanor complaint also triggers Sixth Amendment protections a defendant seeking dismissal on grounds that his right to speedy trial has been violated need not demonstrate actual prejudice as a prerequisite to judicial consideration of his claim.” (Serna, supra, 40 Cal.3d at p. 252, italics added.)
Thus, it is important to distinguish between (i) the prejudice required to initiate a Barker analysis (presumed prejudice is sufficient), and (ii) the prejudice that the court considers when engaging in the Barker four-factor analysis (prejudice is required, but extreme delay in light of the charge can create a conclusive presumption of such prejudice). A delay of more than one year between the arrest and prosecution in a misdemeanor case is unreasonable and prejudice is presumed, with “dismissal being constitutionally compelled in the absence of a demonstration of good cause for the delay.” (Serna, *Supp. 9 supra, 40 Cal.3d at pp. 253-254; see People v. Booker (2011) 51 Cal.4th 141, 157 [119 Cal.Rptr.3d 722, 245 P.3d 366] [“In Serna, we granted a pretrial petition for writ of mandate directing the superior court to dismiss a case on speedy trial grounds. We did so without requiring a showing of prejudice.”]; see also U.S. v. Mendoza, supra, 530 F.3d 758, 764; id., at p. 767 [“We have interpreted Doggetf s directive, accurately, I believe, to mean that ‘no showing of prejudice is required when the delay is great and attributable to the government.’ United States v. Shell, 974 F.2d 1035, 1036 (9th Cir. 1992).” (conc. opn. of Bybee, J.)].)
Once it is determined that the Barker four-factor test is implicated, the trial court may not refuse to dismiss the case just because no actual prejudice has been demonstrated. Among other factors, the court must weigh the length of delay and the prejudice that implies against the reasons for the delay. This is in effect a sort of sliding scale: as the government’s fault moves up the scale from indifference and negligence to deliberate action, the length of delay (needed to make out implied prejudice) reduces. Where the government (i.e., the People) presents some excuse or justification for the delay, courts will tolerate longer periods of delay. As we have noted above in connection with People v. Hsu, supra, 168 Cal.App.4th 397, even extreme delays if caused by the defendant will not result in dismissal. The nature of the case affects the calculus as well: the amount of delay we tolerate for routine street crime is less than for complex cases. (U.S. v. Lam (9th Cir. 2001) 251 F.3d 852, 856-857.)[8]
We conclude that there is no definite time period after which the court must dismiss the case when (i) the People present no justification for delay, and (ii) the defendant shows no actual prejudice. The cases we have found discuss the issue in terms of the number of months past the one-year presumptive period. In this connection we note U.S. v. Beamon, supra, 992 F.2d at page 1013 (delay of eight months past the one-year period: no dismissal); Doggett v. United States, supra, 505 U.S. at page 647 (seven years past the period: dismissal); U.S. v. Shell, supra, 974 F.2d 1035 (four years: dismissal); Stabio v. Superior Court, supra, 21 Cal.App.4th at page 1497 (three years: dismissal); U.S. v. Smith (9th Cir., May 30, 1996, No. 94-10478) 1996 WL 287173, p. *3 (13 months past the one-year period: no dismissal); U.S. v. Martin (D.Nev., Oct. 12, 2010, No. 2:08-cr-0060-GMN-LRL) 2010 WL 5575324, p. *4 (15 months past the one-year period: no dismissal). (See generally U.S. v. Lam, supra, 251 F.3d at pp. 856-857.) All these cases suggest that the time period alone is not determinative of dismissal, but is a factor to be weighed in light of the circumstances of the case.
*Supp. 10 We turn now to the determination of the trial court.
The trial court properly viewed “presumed prejudice” as the triggering mechanism for a Barker analysis. That requirement was in the court’s view met by the one-year delay. Then, while weighing the factors, the court sought evidence of actual prejudice:
“Court: It’s presumed, but it’s not irrefutable.
“Defense Attorney: The burden shifts to them.
“Court: That’s not necessarily what a presumption means. A presumption can mean one of two things. One is that it automatically goes away if the People don’t show a justification for the delay. Or it means that they can rebut the presumption. And you’re saying that—the rebuttal is not what you’re talking about. You’re talking about they’re not rebutting the presumption because they haven’t shown a delay. I’m talking about rebutting the presumption that there’s prejudice. Two different things.”
Contrary to Petitioner’s argument, the trial court plainly did weigh the Barker factors. But the court seemed to require a showing of actual prejudice.[9] There was none, so despite the fact that the People offered no justification for the delay,[10] the trial court denied the motion to dismiss. In doing so, as we have noted, ante, at footnote 7, the court acted as have many other courts. But actual prejudice is not always a prerequisite for dismissal.
However, understood as a demand for some showing of actual prejudice given the specific time period of delay in this case, the trial court was correct. Here, the delay was about 10 months past the presumptive one-year period, which is not so long a delay in light of the circumstances of the charges that it can be said to create a conclusive presumption of prejudice under Barker's four-part analysis.
*Supp. 11 It follows that the petition should be and hereby is denied.[11]
Jackson, J., and Kiesselbach, J.
*Supp. 12 I.

 The court appeared to hold that the justification was not “ultimately persuasive or necessarily even reasonable.”

 Petitioner does not make a claim under the California Constitution of violation of his speedy trial rights; therefore, we do not discuss that right under the state Constitution.

 In the context of the Barker balancing, if the delay is caused by the defendant (such as when the defendant deliberately fails to appear), that factor is likely to be given far more weight than the failure of the People to track the defendant down. (E.g., People v. Hsu (2008) 168 Cal.App.4th 397 [85 Cal.Rptr.3d 566].) Indeed Hsu suggests (but does not hold) that such deliberate action by a defendant might actually waive his Sixth Amendment speedy rights altogether. (Hsu, supra, 168 Cal.App.4th at pp. 407-408.)

 Serna, supra, 40 Cal.3d 239; see also Doggett v. United States (1992) 505 U.S. 647, 652, fn. 1 [120 L.Ed.2d 520, 112 S.Ct. 2686]; U.S. v. Gregory (9th Cir. 2003) 322 F.3d 1157, 1161-1162; U.S. v. Beamon (9th Cir. 1993) 992 F.2d 1009, 1012.

 The term “prejudice” in the context of the Barker four-part test itself may be used to describe the effect of a delay so long that, even in the absence of demonstrable prejudice, the defendant is deemed nevertheless to have suffered sufficient prejudice by virtue of the length of delay requiring dismissal (absent overriding justification by the People). (Doggett v. United States, supra, 505 U.S. 647.)

 A third means of expressing the test, which risks conflating the two roles of delay, is found in, for example, U.S. v. Mendoza (9th Cir. 2008) 530 F.3d 758, 762, where the finding of, e.g., a year’s delay “creates a presumption of prejudice and triggers an inquiry into the other three factors.” As noted in the text, however, Mendoza does go on to evaluate prejudicial delay as a factor within the Barker four-part analysis.

 As a commentator has noted, despite the state of the law, “lower courts have been reluctant to find a violation of the speedy trial right absent a showing of prejudice.” (39 Geo. L.J. Ann. Rev. Crim. Proc. (2010) 392, 396-399.) The trial court here felt the same reluctance.

 More complex and serious cases are likely to have longer statutes of limitations, and accordingly a longer delay may be tolerable for those cases. (Stabio v. Superior Court (1994) 21 Cal.App.4th 1488, 1491 [26 Cal.Rptr.2d 615].)

 “So again the only issue is whether—and I don’t hear any actual prejudice.” “I’m weighing [the Barker factors]. There’s no—there is a presumption of prejudice. There’s no justification for the delay. And I’m going back; there’s no prejudice. Period. No prejudice has been shown." (Quoting reporter’s transcript, italics added.) The first trial judge who heard an earlier incarnation of the motion before us also looked for “actual prejudice.”

 “Secondly, I don’t hear any really good justification—I don’t hear any justification for the delay from the people.” (Quoting reporter’s transcript.)

 We in effect affirm the ruling below without regard to whether the basis for the decision below was correct. (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 346, p. 397.)