KETHLEDGE, Circuit Judge,
dissenting.
The law’s clarity with respect to the issue we decide today is not nearly commensurate with its stakes. The stakes are that, if the government violates a defendant’s constitutional right to a speedy trial, he goes free, forever unpunished even for serious felonies that he openly admits he committed. Such is the case here: John Ferreira was caught red-handed with nearly 900 grams of methamphetamine (which, like crack, is an enormously destructive drug), and admitted in open court that he conspired to sell more than 500 grams of it. And yet he will serve not a single day of the 110-month sentence that the district court thought he should serve — because, in our court’s view, the government took too long to bring him to trial.
Society surely pays a price for decisions like this one. But the law that we apply in making them is an enigma. We apply a four-factor balancing test, three factors of which are of uncertain significance. The one factor that certainly does matter— prejudice — is in turn divided into three subfactors, two of which are overshadowed by the third, which is whether the government’s delay in bringing a defendant to trial actually prejudiced his ability to defend himself there. Such is the law as handed down to us by Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
Actual prejudice is often easy enough to measure, so if the law had been left there the courts could have muddled through their application of this test. But the law has not been left there. In Doggett v. United States, 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), the Supreme Court overlaid all these factors and subfactors with something it called a “presumption of prejudice[.]” Id. at 658, 112 S.Ct. 2686. Once this presumption applies (or to *710 the extent it does; I do not know which characterization is more accurate), the government bears the burden of proving the absence of actual prejudice, rather than the defendant bearing the burden of proving its existence. And at that point the defendant typically has one foot out the courthouse door, given the government’s difficulty in proving a negative.
The question of when this presumption shall apply, then, is consequential for both the defendant and society alike. And that is a question, I respectfully submit, on which Doggett provides little guidance. We are told that “such is the nature of the prejudice presumed that the weight we assign to official negligence compounds over time as the presumption of evidentiary prejudice grows.” Id. at 657, 112 S.Ct. 2686. I confess I do not know what this passage means. Only marginally more helpful is the statement that “our toleration of such negligence varies inversely with its protractedness[.]” Id. Neither of these statements, and nothing else in Doggett, provides the lower courts with much guidance as to when the presumption of prejudice should apply.
But one thing about Doggett is clear: the Court chose to apply the presumption there when the government’s delay in bringing the defendant to trial was more than six years. And thus the analysis in the lower courts — at least in the usual case where the government’s delay is the result of negligence, rather than bad faith — has devolved into a numbers game. In the Ninth Circuit, five years is enough to trigger the presumption. See United States v. Shell, 974 F.2d 1035, 1036 (9th Cir.1992). In the Fifth Circuit too, five years is enough, see United States v. Bergfeld, 280 F.3d 486, 491 (5th Cir.2002), but “three years and nine months, considerably less than the delay in the cases cited above[,]” is not. United States v. Serna-Villarreal, 352 F.3d 225, 232 (5th Cir.2003). In the Eighth Circuit, however, three years is enough, see United States v. Erenas-Luna, 560 F.3d 772, 780 (8th Cir.2009); and in the Eleventh Circuit it seems that two years will do. See United States v. Ingram, 446 F.3d 1332, 1339-40 (11th Cir.2006). Our court has previously said that five years is enough to trigger the presumption, see United States v. Brown, 169 F.3d 344, 351 (6th Cir.1999), but that “a twenty-month delay” is not. United States v. Jackson, 473 F.3d 660, 668 (6th Cir.2007). The majority’s decision today likely puts us in the three-year camp.
This whole line of analysis strikes me as arbitrary. That is not surprising: Doggett gives the lower courts little more than a number to work with; and so the analysis in most cases that apply Doggett is, at bottom, simply a conclusion — that one number is enough and another is not. This is a deeply unsatisfying way of deciding issues as important as this one. A better way of deciding these cases would be to look beyond the numbers, to the reason why Doggett announced a presumption of prejudice in the first place. As I understand it, that reason is that the particulars of actual prejudice can be increasingly hard to prove over time. See Doggett, 505 U.S. at 655, 112 S.Ct. 2686 (“time’s erosion of exculpatory evidence and testimony can rarely be shown”) (internal quotation marks omitted). But it is one thing to waive proof of particulars; it is quite another to waive the need to show any indication of prejudice at all. And thus, before applying the presumption, we should at least ask whether there is reason to believe that the defendant has suffered significant, albeit unidentifiable, prejudice as a result of the government’s delay in bringing him to trial. Only if we are confident that the answer to that question is yes — that there is, in fact, significant prejudice in there somewhere — should we take *711 the drastic step of ordering the defendant set free. Perhaps this is what the Court meant when it said that “negligence unaccompanied by particularized trial prejudice must have lasted longer than negligence demonstrably causing such prejudice.” Id. at 657, 112 S.Ct. 2686. But if so, the point has been lost on the lower courts.
This case strikes me as precisely the kind in which the presumption should not apply. Because here it is transparently a fiction. Ferreira was already incarcerated in the Georgia state prison on an unrelated charge (homicide) during the entire 35 months he waited for trial in federal court, so he did not suffer the anxiety and “oppressive pretrial incarceration” that other federal defendants do. Barker, 407 U.S. at 532, 92 S.Ct. 2182. In federal court he was charged with only a single count of conspiracy to distribute more than 500 grams of methamphetamine. He has not even attempted to offer any proof of actual prejudice as to his defense against that charge, other than the vaguest speculation that some unnamed witnesses might have become unavailable or forgetful. The record largely refutes that speculation, since Ferreira’s codefendants — and, the government says, co-conspirators — are in federal prison, and thus sober and available to testify. And it is hard to imagine what Ferreira’s defense to the charge against him would be, given the undisputed fact that he possessed 898 grams of methamphetamine when arrested — an amount vastly larger than he could consume himself, and almost twice the amount he was charged with conspiring to distribute — in addition to various meth-cook paraphernalia. Suffice it to say that there is not a whiff of actual prejudice in this case. The extraordinary remedy of dismissing a criminal indictment with prejudice should be reserved for cases more extraordinary than this one.
There are few doctrines in criminal procedure as potent as Doggett’s presumption of prejudice. So far as I can tell, in most cases where it has applied, the defendant has gone free. We need more guidance than we now have in applying it. What the lower courts need, I respectfully submit, is a rule of law — so that, before we set a guilty man free on account of prejudice, we first determine whether there actually is some.
I respectfully dissent.