**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jesus Ernesto DIAZ–ALVARADO,**
**Defendant-Appellant.**

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Manuel PEREZ–CRUZ,**
**Defendant-Appellant.**

**Nos. 78–1471, 78–1472.**

United States Court of Appeals,
Ninth Circuit

Dec. 11, 1978.

---

Roger C. Wolf, Tucson, Ariz., for defendants-appellants.

Dale A. Danneman, Asst. U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before ANDERSON and HUG, Circuit Judges, and EAST,* District Judge.

J. BLAINE ANDERSON, Circuit Judge:

Appellants Diaz-Alvarado and Perez-Cruz were each convicted of one count of distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and one count of conspiracy to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. They were sentenced respectively to 12 and 10 year concurrent terms on the two counts. On appeal, appellants claim that they were denied their right to a speedy trial and that the trial judge erred in failing to give an instruction on the conspiracy count.

## RIGHT TO SPEEDY TRIAL

Appellants contend that the 152 days they were held in custody prior to trial deprived them of their right to a speedy trial.

Under 18 U.S.C. § 3164, persons who are being held in custody solely because they are awaiting trial shall be brought to trial within 90 days. This section of the Speedy Trial Act is an interim measure which is effective until July 1, 1979. The sanction for violating 18 U.S.C.

§ 3164 is pre-trial release from custody. We acknowledge that the 152-day delay in the appellants' case violated § 3164. However, the only remedy in this situation was pre-trial release from custody and this is no longer available to appellants. Violation of § 3164 cannot support reversal of their convictions or dismissal of the indictment as the appellants now seek. See Blackburn v. U. S. Dist. Court for N. Dist. of Cal., 564 F.2d 332, 334–335 (9th Cir. 1977); United States v. Lemon, 550 F.2d 467, 471 (9th Cir. 1977); United States v. Carpenter, 542 F.2d 1132, 1134 (9th Cir. 1976).

Furthermore, there was no violation of any of the time limits under 18 U.S.C. § 3161, as the appellants contend. There is a four-year phase-in period provided for in the time limits under § 3161.[1] The different interim time limits of 18 U.S.C. §§ 3161(f) and (g) become effective upon the expiration of three successive twelve-month periods. However, overlooked by appellants is the fact that these periods did not begin until July 1, 1976, or after the expiration of the one-year grace period established by 18 U.S.C. § 3163. Since appellants were arrested on September 1, 1977, it was the time limits for the second such twelve-month period under §§ 3161(f) and (g) which were applicable to their case and not the third twelve-month period as appellants claim. Under 18 U.S.C. § 3161, the time limits pertinent to the appellants' case were 45 days from date of arrest to indictment (§ 3161(f)), 10 days from date of indictment to arraignment (§ 3161(c)), and 120 days from arraignment to commencement of trial (§ 3161(g)). Appellants were arrested on September 1, 1977, indicted on September 29, 1977 (28 days from arrest), arraigned on October 5, 1977 (6 days from indictment), and the trial against them commenced on January 31, 1978 (118 days from arraignment). None of the time lim-

---

* The Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

1. But see United States v. Lee, 575 F.2d 1184, 1186 (6th Cir. 1978) (describes a five-year phase-in period); and United States v. Allsup, 573 F.2d 1141, 1144 (9th Cir. 1978), cert. denied, 436 U.S. 928, 98 S.Ct. 2824, 56 L.Ed.2d 771 (where the third year interim time limits were applied to the Act's second year). Nonetheless, we are convinced that our reading and arithmetical interpretation of the Act is correct.

its then in effect under § 3161 were exceeded. Even if they had been, it would not have justified reversal. *See United States v. Carpenter,* 542 F.2d 1132, 1134 (9th Cir. 1976).

In determining whether appellants' constitutional right to a speedy trial was violated, we must consider the length of the delay, reason for the delay, assertion of the right and the prejudice to the defendant. *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Blackburn v. U. S. Dist. Court for N. Dist. of Cal.,* 564 F.2d 332, 333 (9th Cir. 1977). There was a delay of approximately five months here, which in itself is insufficient to show violation of the right. The reason for the delay was apparently caused by court congestion and is not attributable to either the government or the appellants. Appellants did not assert their right until shortly before the time when their trial actually commenced. And, finally, appellants fail to show any actual prejudice resulting from the delay.

We therefore conclude that appellants were not denied their right to a speedy trial.

JURY INSTRUCTION

Appellants claim that the trial judge erred in failing to give one of their proposed jury instructions on the conspiracy charge. In the exercise of our discretion, we do not reach this issue because of the concurrent sentence doctrine. A federal appellate court may decline to decide an issue as to a conviction under one count of an indictment if the defendant has been validly convicted under another count and concurrent sentences were imposed for the convictions. *United States v. Walls,* 577 F.2d 690, 699 (9th Cir. 1978). Appellants were convicted on one count of distribution of heroin, one count of conspiracy to distribute heroin, and sentenced to concurrent terms. Their claim of error only relates to the conspiracy count. The evidence against them on both counts was overwhelming and the conviction on the distribution count was unassailable (testimony of appellants' co-conspirator who had already entered a guilty plea, observations of several D.E.A. agents, and statements made by appellants to the agents). *See United States v. Monroe,* 552 F.2d 860, 865 (9th Cir. 1977), *cert. denied,* 431 U.S. 972, 97 S.Ct. 2936, 53 L.Ed.2d 1009. Appellants do not show, nor do we perceive any adverse legal consequences which will result from our discretionary decision not to examine the alleged error on the conspiracy count.

Appellants' convictions are AFFIRMED.