UNITED STATES of America, Plaintiff,

v.

**Martin David AGUERO, Defendant.**

UNITED STATES of America, Plaintiff,

v.

**Martin David AGUERO, Defendant.**

**Martin David AGUERO, Petitioner,**

v.

**U. S. DISTRICT COURT NORTHERN DISTRICT, Respondent.**

Nos. CR–80–0059 SAW, C–81–4157 SAW and C–81–4400 SAW.

United States District Court, N. D. California.

March 9, 1982.

Martin David Aguero, in pro. per.

ORDER

WEIGEL, District Judge.

Petitioner was convicted by a jury on April 11, 1980, of armed and unarmed bank robbery. He was sentenced to two concurrent 15 year terms. His conviction was affirmed by the Ninth Circuit on February 20, 1981. Petitioner now moves, pursuant to 28 U.S.C. § 2255, to vacate the sentence of the Court and for a writ of habeas corpus on the grounds (1) that he was ineffectively assisted by counsel, (2) that his rights of due process were violated, and (3) that he was denied the right to a fast and speedy trial. In support of these contentions, petitioner alleges (1) that his attorney did not call certain witnesses or present certain evidence at trial, (2) that the prosecution used false evidence, and (3) that petitioner was arrested on January 3, 1980, but trial was not commenced until April 9, 1980. Petitioner also has filed petitions and affidavits which meet all the requirements of 28 U.S.C. § 1915(a), to proceed in forma pauperis on both motions.

In adjudicating a Section 2255 motion, the Court is required to "grant a prompt hearing" unless "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255. *See Fontaine v. United States*, 411 U.S. 213, 215, 93 S.Ct. 1461, 1462, 36 L.Ed.2d 169 (1973); *Battaglia v. United States*, 469 F.2d 686 (9th Cir. 1972), *cert. denied*, 411 U.S. 949, 93 S.Ct. 1932, 36 L.Ed.2d 411 (1973). The Court must ascertain whether the supporting affidavit is sufficient on its face to warrant a hearing. *Dalli v. United States*, 491 F.2d 758, 760 (2d Cir. 1974). *Accord United States v. Hearst*, 466 F.Supp. 1068, 1073 (N.D.Cal.1978). While the Court does not require allegations in minute detail in post-conviction petitions, purely conclusory

allegations will not suffice. *Peabody v. United States*, 394 F.2d 175, 177 (9th Cir. 1968), *cert. denied*, 393 U.S. 1033, 89 S.Ct. 648, 21 L.Ed.2d 577, *reh'g denied*, 394 U.S. 955, 89 S.Ct. 1279, 22 L.Ed.2d 493 (1969); *Wallace v. United States*, 457 F.2d 547, 548 (9th Cir. 1972) (per curiam). This standard also applies to petitions for a writ of habeas corpus. *See Young v. Anderson*, 513 F.2d 569, 573 (10th Cir. 1975); *Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir. 1970).

■ Petitioner's first two contentions are supported only by conclusory allegations. Petitioner simply asserts (1) that he was ineffectively assisted by counsel because counsel did not call certain witnesses or present certain evidence at trial and (2) that his right to due process was denied because the prosecution used false evidence to gain a conviction. Petitioner fails to identify any bases for these conclusions. Furthermore, an independent review of the record discloses that petitioner was adequately represented by counsel. Strategic decisions—such as what witnesses to call and what evidence to introduce—made by competent counsel are binding, even when made without the express consent of the defendant. *Henry v. Mississippi*, 379 U.S. 443, 451–52, 85 S.Ct. 564, 569, 13 L.Ed.2d 408 (1963); *see United States v. Hearst*, 466 F.Supp. 1068, 1088 (N.D.Cal.1978). Thus, petitioner is entitled to no relief under 28 U.S.C. § 2255 based on his allegations of ineffective assistance of counsel or of use of false evidence.

Petitioner's final ground—that he was denied the right to a fast and speedy trial—is supported by the allegation that he was arrested on January 3, 1980, but that trial did not commence until April 9, 1980. Such an allegation, however, does not support a claim either under the Speedy Trial Act or under the constitutional guarantee of a speedy trial.

■ It is true that more than 30 days elapsed from the date of petitioner's arrest, January 3, 1980, to the date the indictment was filed, February 20, 1980. Such delay violated the Speedy Trial Act, 18 U.S.C. § 3161(b). However, sanctions for failure to file an indictment within the time limitation in that section apply only to cases commenced by arrest on or after July 1, 1980. 18 U.S.C. § 3163(c). Thus, because petitioner was arrested on January 3, 1980, he is not entitled to relief. *See United States v. Diaz-Alvarado*, 587 F.2d 1002, 1005 (9th Cir. 1978), *cert. denied*, 440 U.S. 927, 99 S.Ct. 1261, 59 L.Ed.2d 482 (1979); *United States v. Carpenter*, 542 F.2d 1132, 1134 (9th Cir. 1976).

■ Furthermore, the record shows that petitioner's constitutional right to a speedy trial was not violated. In making this determination, the Court considers the length of the delay, the reason for the delay, the assertion of the right, and the prejudice that resulted. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2191, 33 L.Ed.2d 101 (1972); *United States v. Diaz-Alvarado*, 587 F.2d at 1005. A delay of approximately three months is not sufficient in itself to show violation of the right. *See id.* The delay was attributable to defense counsel's pre-trial discovery and evidentiary motions in petitioner's interest. Moreover, petitioner did not assert the right either at the trial or upon appeal. Finally, petitioner failed to allege or show any prejudice resulting from the delay. Thus, the Court concludes that petitioner's constitutional right to speedy trial was not violated. *Cf. United States v. Robinson*, 143 F.Supp. 286 (D.Ky.1956) (relief cannot be had under 28 U.S.C. § 2255 for failure to provide speedy trial). Accordingly,

IT IS HEREBY ORDERED that the petitions for leave to proceed in forma pauperis are granted.

IT IS FURTHER HEREBY ORDERED that petitioner's motion attacking the sentence imposed by the Court and petition for writ of habeas corpus are denied.