Opinion
LAMPE, P. J.
This matter came before the court on a petition for writ of prohibition by petitioner and defendant Matthew Bellante on the grounds that the trial court’s denial of Bellante’s motion to dismiss for failure of a “speedy trial” was in error. This court granted an alternative writ and stayed further trial proceedings. Real party in interest (the People) filed a response, and petitioner filed his reply. The matter was heard at argument on April 9, 2010.
Technically, the petition is more properly viewed as one for mandamus, not prohibition. An alleged attempted departure from proper action by a court may be considered in a petition for prohibition, but mandamus is the appropriate remedy to compel the correct action upon review for abuse of discretion. Where the facts are undisputed and the law establishes the right of a party to an order or to the relief which the court has refused, the writ of mandamus applies. (See 8 Witkin, Cal. Procedure (5th ed. 2008) Extraordinary Writs, § 100, p. 994.) We will treat the petition as one for mandamus.
Here the essential facts are undisputed. On July 11, 2008, Bellante was involved in an automobile accident in Kern County, and he was arrested by California Highway Patrol Officer Tyre. Officer Tyre wrote a citation for driving under the influence, but no notice to appear was given nor was any promise to appear made. At the time of the incident, Bellante resided at 110 E. Belle Avenue in Bakersfield, the address on his driver’s license, his address in Department of Motor Vehicles (DMV) records, and the address noted on the citation and incident report. A complaint was filed on July 28, 2008. A warrant issued on August 6, 2008 (presumably an at-large warrant). The warrant was never served on Bellante. Bellante has resided at the stated *Supp. 4 address openly and continuously since 2003. No effort was. made to serve the warrant. Bellante learned of the warrant through the DMV and turned himself in at the Kern County Central Receiving Facility on August 20, 2009, where he was cited and released. He has not failed to appear.
On December 17, 2009, Bellante made a motion to dismiss for lack of a speedy trial. The People opposed. The matter was heard by the trial court on January 5, 2010. The matter was taken under submission, and the motion denied by minute order on January 6, 2010. This petition ensues.
The petitioner now takes the position in this writ proceeding that the trial court was in error (and abused its discretion) because under Serna v. Superior Court (1985) 40 Cal.3d 239 [219 Cal.Rptr. 420, 707 P.2d 793] (Serna) and related authority, the delay of over one year from the filing of the complaint in this misdemeanor case results in presumptive prejudice, requiring the People to show justification for the delay, before any balancing by the court may take place pursuant to Barker v. Wingo (1972) 407 U.S. 514 [33 L.Ed.2d 101, 92 S.Ct. 2182] (Barker). Bellante argues that because the arraignment occurred more than one year after the filing of the complaint, prejudice is presumed. Here, the People offered no evidence supporting any justification for delay and, therefore, Bellante argues that the trial court was compelled to grant the motion to dismiss.
The People concede that there was no evidence of justification for delay before the trial court. Nevertheless, the People argue that the presumption of prejudice to which Bellante is entitled merely “triggers” the court’s opportunity and obligation to apply the Barker weighing process.
Although the trial court offered no opinion, it is apparent that the trial court followed the reasoning of the People in denying the motion. It is quite understandable that the trial court did so.
The trial court was not unequivocally advised of the argument that the defense now takes in this writ proceeding. Bellante’s counsel appeared to concede the method of analysis advanced by the People at the hearing. The following exchange occurred between the trial court and Bellante’s counsel:
“THE COURT: All right. My understanding of the—
“MS. POLAK: Okay.
*Supp. 5 “THE COURT: —Serna case is once the complaint is filed, that’s an accusatory pleading. It’s different than a complaint in a felony case that that starts the clock running, so then, prejudice is presumed if it’s more than one year. I still have to make the balancing under the Barker-Wingo test, right?
“MS. POLAR: Right. That is true but once prejudice is presumed, the burden shifts from me to the People to prove why there has been a delay. It’s no longer my burden. And so, therefore, the People have to prove that there is a reason for the delay and why there was a delay, and that they exercised reasonable diligence in bringing Mr. Bellante to trial.” (Italics added.)
By counsel’s answering the court, stating “[r]ight. That’s true . . .” the trial court was not alerted that counsel was intending to state, “[n]o. That’s wrong . . . ,” and apprise the court that the defense was arguing that the Barker analysis did not arise until the prosecution had shown justification for the delay.
Counsel’s argument at the hearing was consistent with the written motion before the trial court. In that motion, under the heading “b. The Delay Constitutes Presumptive Prejudice, Therefore the Court Must Apply the Balancing Test Set Forth in Barker v. Wingo and People v. Ogle,” defense counsel argued at length beginning at page 6, line 19, that the Barker balancing test must be applied once presumptive prejudice was shown, somewhat contrary to the argument now being made in this petition.
Therefore, we must first decide whether defendant is estopped to raise the issue now presented under the doctrines of invited error or waiver, or whether the point was sufficiently raised below to preserve it for appeal. We find that the argument made by defense counsel upon the motion, while perhaps inartful, did not amount to estoppel or waiver upon the issue. Counsel was attempting to articulate the issue in the colloquy with the court previously quoted. Also, the issue is preserved for appeal, because it is purely a question of law upon undisputed facts, and involves a constitutional question of due process. (See Redevelopment Agency v. City of Berkeley (1978) 80 Cal.App.3d 158, 167 [143 Cal.Rptr. 633]; see also In re P.C. (2006) 137 Cal.App.4th 279, 287 [40 Cal.Rptr.3d 17].)
The trial court was also very informed upon the issue. In discussing the issue with counsel, the trial court raised the cases of Gallenkamp v. Superior Court (1990) 221 Cal.App.3d 1 [270 Cal.Rptr. 346] (Gallenkamp) and People v. Alvarado (1997) 60 Cal.App.4th Supp. 1 [72 Cal.Rptr.2d 209]. Both *Supp. 6 of these cases suggest support for the proposition advanced by the People here, which guided the trial court’s decision that presumptive prejudice under Sema gives rise to a duty to weigh the Barker factors without a showing of actual prejudice.
In Gallenkamp, supra, 221 Cal.App.3d 1, 18, the Court of Appeal, Fifth Appellate District stated: “No prejudice was shown. Petitioners attempt to rely upon the ‘presumptively prejudicial’ length of the delay, which was needed in order to warrant further analysis under Barker, to satisfy their burden to show prejudice. Unless, however, ‘the first three Barker factors weighed heavily against the government, the defendants must demonstrate actual prejudice.’ (United States v. Mitchell (11th Cir. 1985) 769 F.2d 1544, 1547; see also United States, v. Diaz-Alvarado [(1978)] 587 F.2d 1002, 1005 (noting the absence of a showing of actual prejudice).)’’
In People v. Alvarado, supra, 60 Cal.App.4th Supp. 1, the Appellate Department of the Los Angeles Superior Court authored an opinion that expressly supports the People’s position, and hence appears to directly support the trial court decision: “The Sixth Amendment right to a speedy trial attaches with the filing of the accusatory pleading or the arrest, whichever occurs first. (Serna v. Superior Court[, supra,] 40 Cal.3d 239, 262 [219 Cal.Rptr. 420, 707 P.2d 793].) ‘[A] delay[] between the filing of a [misdemeanor] complaint and the arrest [and prosecution] of a defendant which exceeds [one year is] unreasonable and thus presumptively prejudicial . . . .’ (Id. at pp. 252-253.)” (People v. Alvarado, supra, 60 Cal.App.4th at p. Supp. 3.) “Pursuant to Barker v. Wingo[, supra,] 407 U.S. 514, 530 [92 S.Ct. 2182, 2192, 33 L.Ed.2d 101], the presumptively prejudicial length of delay operates as a ‘triggering mechanism’ which necessitates inquiry into other factors. All of the factors must be balanced in order to determine whether or not there was a violation of respondent’s federal right to a speedy trial. In addition to the length of the delay, the other factors which must be weighed by the trial court are: (1) the reason for the delay; (2) the defendant’s assertion of his right to a speedy trial; and (3) actual prejudice to the defendant. (Ibid.) The foregoing factors are related and must be considered together with such other circumstances as may be relevant. (Id. at p. 533 [92 S.Ct. at p. 2193].)” (People v. Alvarado, supra, 60 Cal.App.4th at p. Supp. 4.)
These statements, however, as interpreted by the trial court, appear contrary to the intent of the California Supreme Court in Serna, supra, 40 Cal.3d 239, now advanced by Bellante. In Serna, the court was unequivocal in its conclusion that, in a misdemeanor case, where there is a delay of more than one year between the filing of a complaint and arrest and prosecution, *Supp. 7 such a delay is conclusively considered unreasonable and thus prejudice is presumed, with “dismissal being constitutionally compelled in the absence of a demonstration of good cause for the delay.” (Id. at pp. 253-254.)
Further, the California Supreme Court has more recently cited Serna stating: “[t]he defense has the initial burden of showing prejudice from a delay in bringing the defendant to trial. Once the defense satisfies this burden, the prosecution must show justification for the delay. If the prosecution does that, the trial court must balance the prejudice to the defendant resulting from the delay against the prosecution’s justification for the delay. (Serna[, supra,] 40 Cal.3d 239, 249 [219 Cal.Rptr. 420, 707 P.2d 793].)” (People v. Lowe (2007) 40 Cal.4th 937, 942 [56 Cal.Rptr.3d 209, 154 P.3d 358].) The Supreme Court is clearly stating a three-tiered approach to the issue. The Barker balancing test is the third tier of analysis. However, when there is presumptive prejudice, the first tier of analysis — actual prejudice — is presumed. Then the People must show justifiable delay. Then the court may weigh and balance and exercise its discretion.
We therefore find that Sellante’s view of the law is the better view. It is surprising, perhaps, that the law is not more settled upon this point than it appears. We suspect that this is due to the rather easy burden the prosecution typically faces in showing justification for delay. It is a rare case in a misdemeanor where the defendant will escape a notice to appear or a citation and release upon a promise to appear. Obviously, the typical delay involves a defendant’s failure to make the promised appearance. Such a failure necessarily satisfies the People’s burden to justify the delay and put the burden at the feet of the defendant, requiring a Barker analysis by the court. (See Ogle v. Superior Court (1992) 4 Cal.App.4th 1007 [6 Cal.Rptr.2d 205].) Here, the rare circumstance is presented where the People concede that no justification for delay was presented by competent evidence, nor is any shown by the record.[1]
We are not compelled to a decision that Serna applies other than as we have reasoned as a result of the quoted language from Gallenkamp, supra, 221 Cal.App.3d 1. The issue in Gallenkamp was different. That court was deciding whether a clerk’s delay in filing the remittitur resulted in a failure of “speedy trial rights.” Thus the quoted language is by no means the ratio decidendi of the opinion, and we are not bound to this dicta by the principles of stare decisis. We cannot reconcile our view with People v. Alvarado, supra, 60 Cal.App.4th Supp. 1, but we must simply respectfully disagree. Again stare decisis principles require respect of sister appellate division decisions, but we are also free to respectfully disagree, and we do.
*Supp. 8 Let a peremptory writ of mandate issue directing the trial court to vacate its order denying dismissal of defendant’s case, and enter a new and different order of dismissal.
Humphrey, J., and Brownlee, J., concurred.

 We do not suggest that it could not have been under available facts. But it was not.