Filed 1/30/14

# CERTIFIED FOR PUBLICATION

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION FIVE

| | |
|---|---|
| KEITH LAROY DEWS,<br><br>        Petitioner,<br><br>        v.<br><br>THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO,<br><br>        Respondent;<br><br>THE PEOPLE,<br><br>        Real Party in Interest. | A139102<br><br>(San Francisco City and County Super. Ct. No. 2471932) |

Petitioner Keith Laroy Dews seeks a writ of mandate to compel the dismissal of misdemeanor charges against him, arguing the 19-month delay between the issuance of an arrest warrant on the criminal complaint and the date of his arraignment violated his right to a speedy trial under the Sixth Amendment to the United States Constitution. The People agree the 19-month delay was presumptively prejudicial, and urge us to return the case to the trial court for a balancing of the factors articulated in *Barker v. Wingo* (1972) 407 U.S. 514, 530 (*Barker*). Petitioner argues he is entitled to dismissal without resort to the *Barker* factors, because the People failed, at the outset, to justify the delay.

We agree with the People's analysis and will issue a writ directing the reconsideration of petitioner's speedy trial claim in light of the *Barker* factors. We disapprove *Bellante v. Superior Court* (2010) 187 Cal.App.4th Supp. 1 (*Bellante*) to the extent it is inconsistent with our opinion.

1

BACKGROUND

Petitioner was arrested on suspicion of driving under the influence on January 29, 2011. When he appeared in court on February 14, 2011, the matter was discharged by the district attorney pending further investigation. After receiving a blood alcohol analysis report, the district attorney prepared a misdemeanor criminal complaint charging petitioner with violating Vehicle Code section 23152, subdivisions (a) and (b). An arrest warrant on the complaint issued on July 21, 2011, but petitioner was not arrested until February 11, 2013. He was arraigned on the charges on February 20, 2013.

On April 16, 2013, petitioner filed a motion to dismiss the case based on a violation of his speedy trial rights under the state and the federal Constitutions. (Cal. Const., art. I, § 15; U.S. Const., 6th & 14th Amends.) The superior court denied the motion without expressly balancing the factors set forth in *Barker* for evaluating a federal speedy trial claim. (*Barker*, *supra*, 407 U.S. at p. 532.) On May 17, 2013, petitioner filed a petition for writ of mandate with the appellate division of the superior court raising only the federal speedy trial issue.[1] The appellate division denied the writ.

Petitioner has filed the instant writ seeking review of the appellate division's decision. (Code Civ. Proc., § 904.3 [appellate court may consider writ petition to review grant or denial of writ by superior court appellate division in a misdemeanor case]; *Serna v. Superior Court* (1985) 40 Cal.3d 239, 263-264 (*Serna*) [writ review appropriate when defendant alleges violation of Sixth Amendment speedy trial right in misdemeanor case].) Our review is limited to the record of the proceedings below, and asks whether the lower court abused its discretion or exceeded its jurisdiction. (*Id.* at pp. 245-246, 263-264; *Ogle v. Superior Court* (1992) 4 Cal.App.4th 1007, 1014 (*Ogle*).)

DISCUSSION

The Sixth Amendment guarantees, "In all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." This right, which is distinct from the state constitutional right to a speedy trial and is analyzed differently, is applicable to

---

[1] Petitioner has not further pursued the state constitutional claim.

2

prosecutions in state court via the Fourteenth Amendment. (See Cal. Const., art. I, § 15; *People v. Williams* (2013) 58 Cal.4th 197, 232 (*Williams*); *Serna*, *supra*, 40 Cal.3d at pp. 249-250.) The federal right to a speedy trial " 'is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself.' [Citation.]" (*Williams*, at p. 232.)

In the seminal case of *Barker*, *supra*, 407 U.S. at page 519, the United States Supreme Court explained that the right to a speedy trial differs from other constitutional rights in important ways. First, it implicates a societal as well as an individual interest, in that lengthy pretrial incarceration contributes to overcrowding in local jails, is damaging to the "human character," and imposes costs in the form of maintenance expenses for inmates and lost wages. (*Id*. at pp. 520-521.) Second, the deprivation of the right to a speedy trial is not prejudicial per se, and may in some cases work to a defendant's advantage. (*Id*. at p. 521.) Third, a speedy trial is more vague a concept than other rights, because it is impossible to definitively say "how long is too long in a system where justice is supposed to be swift and deliberate." (*Ibid*.) Accordingly, the right to a speedy trial cannot be quantified and "any inquiry into a speedy trial claim necessitates a functional analysis of the right in the particular context of the case." (*Id*. at p. 522.)

The court in *Barker* established a balancing test for evaluating a speedy trial claim under the Sixth Amendment, comprised of four factors: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." (*Barker*, *supra*, 407 U.S. at p. 530, fn. omitted.) As formulated more recently, this test requires a trial court to determine "whether [the] delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." (*Doggett v. United States* (1992) 505 U.S. 647, 651 (*Doggett*).) None of the four factors is "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum,

3

these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process." (*Barker*, at p. 533, fn. omitted.)

The first of the *Barker* factors, the length of the delay "is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." (*Barker*, *supra*, 407 U.S. at p. 530.) If the defendant makes a showing of presumptive prejudice, "the court must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." (*Doggett*, *supra*, 505 U.S. at p. 652.)

A delay of more than one year in a misdemeanor case is presumptively prejudicial for purposes of *Barker*. (*Serna*, *supra*, 40 Cal.4th at pp. 252-254.) The right to a speedy trial attaches when a person is arrested, or a misdemeanor complaint is filed, whichever occurs first. (*Id*. at p. 262.) The parties in this case agree the relevant period of delay was the 19 months between July 21, 2011 (the date the arrest warrant on the misdemeanor complaint issued) and February 20, 2013 (the date of petitioner's arraignment on the charges following his arrest). This 19-month delay was presumptively prejudicial for purposes of triggering an analysis of the *Barker* factors, and the People concede the case should be returned to the lower court so the judge can balance those factors and make express findings on petitioner's federal speedy trial claim. (See *Ogle*, *supra*, 4 Cal.App.4th at pp. 1022-1023.)

Petitioner urges us to dismiss the case outright, rather than sending it back to the trial court for a balancing of the *Barker* factors. He argues that when the delay in a misdemeanor case exceeds one year and gives rise to a presumption of prejudice, the People must be called upon to justify the delay. If they do show justification, says petitioner, the court should then proceed to balance the factors under *Barker*. But if they do not, he asserts, dismissal is required regardless of the *Barker* factors.

Petitioner's position derives primarily from *Bellante*, *supra*, 187 Cal.App.4th at pages Supp. 6-7, a decision by the Appellate Division of the Kern County Superior Court, which in turn derives from that court's reading of the state Supreme Court's decision in

4

*Serna*. According to *Bellante,* "In *Serna*, the court was unequivocal in its conclusion that, in a misdemeanor case, where there is a delay of more than one year between the filing of a complaint and the arrest and prosecution, such a delay is conclusively considered unreasonable and thus prejudice is presumed, with 'dismissal being constitutionally compelled in the absence of a demonstration of good cause for the delay.' " (*Bellante*, at pp. Supp. 6-7, quoting *Serna*, at pp. 253-254.) *Bellante* construes *Serna* to establish "a three-tiered approach" to a federal speedy trial claim: "The *Barker* balancing test is the third tier of the analysis. However, when there is presumptive prejudice, the first tier of analysis — actual prejudice — is presumed. Then the People must show justifiable delay. Then the court may weigh and balance and exercise its discretion." (*Bellante*, at p. Supp. 7.)

We are not persuaded by *Bellante*'s reading of *Serna*, which in our view, did nothing to alter the approach to federal speedy trial claims outlined in *Barker*. To explain where the *Bellante* analysis goes astray, we consider the *Serna* decision in context.[2]

The defendant in *Serna* sought the dismissal of misdemeanor charges based on a four and one-half year delay between the filing of the criminal complaint and his arrest, alleging a violation of his speedy trial rights under the federal and state Constitutions. The court rejected the defendant's claim under the state Constitution, as the analysis required for such a claim requires a showing of *actual* prejudice at the outset and the defendant had not demonstrated as much. (*Serna*, *supra*, 40 Cal.3d at pp. 249-250.) The court then turned to the defendant's federal claim, which, under *Barker*, required an initial showing of a *presumptively* prejudicial period of delay. (*Serna*, at pp. 251-252.) It concluded the four and one-half year delay in that case was presumptively prejudicial because it far exceeded the one-year statute of limitations period generally applicable to misdemeanors, and "[s]tatutes of limitation reflect a legislative construction of the speedy

_____

**2** Our analysis is informed by a recent law review article that comprehensively discussed *Serna* and concludes *Bellante* was wrongly decided: Maurer, *Searching for Sense in* Serna: *The Sixth Amendment Right to a Speedy Trial in California Misdemeanor Cases* (2012) 43 McGeorge L.Rev. 1093, 1118.

trial guarantee. [Citation.]" (*Serna*, *supra*, at p. 252.) "If a delay of one year in charging a misdemeanor defendant is so unreasonable that prosecution is statutorily barred, it follows that a delay of similar duration must be considered unreasonable and presumptively prejudicial within the contemplation of the Sixth Amendment when, although a complaint has been filed, the defendant is not arrested and arraigned on the complaint for that period." (*Serna*, at p. 254.)

The *Serna* court explained its finding of presumptive prejudice was "virtually compelled" by two of its prior decisions, *Harris v. Municipal Court* (1930) 209 Cal. 55, 61-62 (*Harris*) and *Gutterman v. Municipal Court* (1930) 209 Cal. 65, 66 (*Gutterman*). (*Serna*, *supra*, 40 Cal.4th at p. 253.) Those cases were significant because they found presumptive prejudice based on a delay that exceeded the period then specified in Penal Code section 1382 for bringing a felony case to trial (akin to a statute of limitation). (*Serna*, at p. 254.)

Describing the holdings in *Harris* and *Gutterman*, the *Serna* court stated, "In each case the delay was considered unreasonable and thus prejudice was presumed with dismissal being constitutionally compelled in the absence of a determination of good cause for the delay." (*Serna*, *supra*, 40 Cal.3d at pp. 253-254.) Petitioner, like the court in *Bellante*, seizes on this descriptive language, and construes it as a refinement of the *Barker* analysis. But the *Serna* court did not suggest that *Harris* and *Gutterman* — which were decided decades before *Barker* and which did not differentiate between federal and state speedy trial rights — controlled the analysis of federal speedy trial issues once presumptive prejudice has been established.

Elsewhere in the *Serna* decision, the court unequivocally sets forth the *Barker* analysis — unmodified — as the relevant formula for analyzing a federal speedy trial claim: "When a delay in bringing a [misdemeanor] defendant to trial after the filing of formal charges has become presumptively prejudicial, and the defendant seeks dismissal of the charges on the grounds that his Sixth Amendment right to a speedy trial has been violated, the court must balance the relevant factors — the length of the delay, the reason for the delay, the defendant's assertion of the right, and the prejudice to the defendant —

6

in assessing whether the delay has deprived the defendant of that right." (*Serna*, *supra*, 40 Cal.3d at p. 252, quoting *Barker*, *supra*, 407 U.S. at p. 530.) The *Serna* court concludes its discussion of the defendant's federal speedy trial claim by stating, "Therefore, since the more than four-year delay in arresting defendant is beyond question presumptively prejudicial, the municipal court erred in failing to receive evidence on the considerations relevant to the weighing process and to resolve petitioner's motion to dismiss pursuant to the dictates of *Barker* . . . : by weighing the interests of the defendant and the prosecution to determine whether the right was violated in this case." (*Id*. at pp. 262-263.) In light of these specific references to the *Barker* factors, we do not see how *Serna* can be read to obviate the need for such an analysis based on a single factor — the prosecution's lack of justification for the delay.

Nor are we persuaded by the *Bellante* court's reference to *People v. Lowe* (2007) 40 Cal.4th 937, 942 (*Lowe*), wherein the state Supreme Court cited *Serna* in describing the approach to be taken when resolving a speedy trial claim under the *state* Constitution: " '[T]he defense has the initial burden of showing prejudice from a delay in bringing the defendant to trial. Once the defense satisfies this burden, the prosecution must show justification for the delay. If the prosecution does that, the trial court must balance the prejudice to the defendant resulting from the delay against the prosecution's justification for the delay. [Citation.]' [Citation.]" (*Bellante, supra,* 187 Cal.App.4th at p. Supp. 7.) Though this is an accurate description of the analysis required under state speedy trial principles, that analysis is not coextensive with federal speedy trial jurisprudence and does not control speedy trial analysis under the federal Constitution. (*Serna*, *supra*, 40 Cal.3d at p. 249.) In its recent decision in *Williams*, *supra*, 58 Cal.4th at pages 232-252, the state Supreme Court resolved a federal speedy trial claim by analyzing the four *Barker* factors.

Apart from petitioner's selective reading of *Serna*, his proposed interpretation of the law would be contrary to *Barker* itself. Discussing the balancing of the four factors, the *Barker* court explained that a deliberate attempt to delay in order to hamper the defense should be "weighted heavily" against the prosecution, while a "more neutral

7

reason such as negligence" should be weighted less heavily. (*Barker*, *supra*, 407 U.S. at p. 531.) Clearly, the court contemplated a balancing of all the factors even in cases in which the prosecution cannot justify the delay. (See also *People v. Alvarado* (1997) 60 Cal.App.4th Supp. 1, 4-5 [trial court erred in dismissing charges based on prosecution's failure to justify delay when delay was not " 'great' " and defendant did not show actual prejudice]; *U.S. v. Beamon* (9th Cir. 1993) 992 F.2d 1009, 1014-1015 [governmental negligence/lack of justification insufficient to show speedy trial violation when showing of actual prejudice was "tenuous," though delay was long enough to trigger presumption of prejudice].)

Unlike the standard for showing a speedy trial violation under the state Constitution, which requires a showing of actual prejudice at the outset (*Lowe*, *supra*, 40 Cal.4th at p. 942), a federal speedy trial analysis under *Barker* is triggered by a showing of presumptive prejudice based on the length of the delay. (*Barker*, *supra*, 407 U.S. at p. 530.) "[S]uch presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria," though "it is part of the mix of relevant facts, and its importance increases with the length of delay." (*Doggett*, *supra*, 505 U.S. at p. 656.) "Among other factors, the court must weigh the length of the delay and the prejudice that implies against the reasons for the delay. This is in effect a sort of sliding scale: as the government's fault moves up the scale from indifference and negligence to deliberate action, the length of delay (needed to make out implied prejudice) reduces. Where the government (i.e., the People) presents some excuse or justification for the delay, courts will tolerate longer periods of delay . . . ." (*People v. Leaututufu v. Superior Court* (2011) 202 Cal.App.4th Supp. 1, 9) "*[T]here is no definite time period after which the court must dismiss the case when (i) the People present no justification for delay, and (ii) the defendant shows no actual prejudice.*" (*Ibid.*, italics added).)

Petitioner is correct that the trial court should have expressly weighed the *Barker* factors, and the appellate division abused its discretion in denying his petition for writ of mandate. (*Ogle*, *supra*, 4 Cal.App.4th at p. 1014.) However, the lack of justification offered by the prosecution does not automatically entitle petitioner to dismissal.

8

DISPOSITION

Let a peremptory writ of mandate issue directing the superior court appellate division to vacate its June 18, 2013 order denying petitioner's petition for writ of mandate, and to instead issue a new and different order granting the petition and directing the superior court to (1) vacate its order denying petitioner's motion to dismiss insofar as the motion raised a speedy trial issue under the federal Constitution; (2) conduct a new hearing on petitioner's federal speedy trial claim as raised in the motion to dismiss; and (3) expressly apply the balancing test of *Barker*, *supra*, 407 U.S. at page 530 and make appropriate factual findings.

_____

NEEDHAM, J.

We concur.

_____

JONES, P.J.

_____

SIMONS, J.

9

Superior Court of the City and County of San Francisco, No. 2471932, Samuel K. Feng, Judge

Jeff Adachi, Public Defendant, Matt Gonzalaz, Chief Attorney, Adam Lipson and Armando Miranda, Deputy Public Defenders, for Petitioner.

George Gascòn, District Attorney, and Louise Ogden, Assistant District Attorney for Real Party in Interest.