Filed 1/20/26  P. v. Superior Court (Lashelle) CA4/2
Opinion filed 1/9/26 ordered no longer certified for publication

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL -- STATE OF CALIFORNIA

FOURTH DISTRICT

DIVISION TWO

### <u>ORDER</u>

| | |
|---|---|
| THE PEOPLE,<br>    Petitioner,<br>    v.<br>THE SUPERIOR COURT OF<br>RIVERSIDE COUNTY,<br>    Respondent;<br>HAILEY MORGAN LASHELLE,<br>    Real Party in Interest. | E086512<br><br>(Super.Ct.Nos. APRI2500045<br> & SWM2105729)<br><br>The County of Riverside |

_____


THE COURT

On the court's own motion, the order granting publication filed January 16, 2026, is STRICKEN.

FIELDS_____
Acting P. J.

1

Filed 1/9/26

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>     Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF<br>RIVERSIDE COUNTY,<br><br>     Respondent;<br><br>HAILEY MORGAN LASHELLE,<br><br>     Real Party in Interest. | E086512<br><br>(Super.Ct.Nos. APRI2500045 &<br> SWM2105729)<br><br>OPINION |

ORIGINAL PROCEEDINGS; petition for extraordinary writ. Jeffrey M. Zimel, Judge. Petition granted.

Michael A. Hestrin, District Attorney, and Emily R. Hanks, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

Steven L. Harmon, Public Defender, and Joseph J. Martinez, Deputy Public Defender, for Real Party in Interest.

1

# I. INTRODUCTION

Real Party in Interest Hailey Morgan Lashelle (defendant) was charged by Petitioner Riverside County District Attorney's office (the People) with misdemeanor driving under the influence (DUI). (Veh. Code, § 23152, subds. (a), (b).) Defendant filed a motion to dismiss arguing that she was denied her right to a speedy trial under the United States Constitution. (U.S. Const., 6th Amend.) The trial court denied the motion, in part, concluding that defendant contributed to any delay by failing to appear pursuant to her signed promises to appear.

Defendant filed a petition for writ of mandate seeking review with the appellate division of the Riverside County Superior Court (Appellate Division). A divided panel of the Appellate Division concluded that the People's failure to file a formal misdemeanor complaint within 25 days of defendant's citation as specified in Penal Code[1] section 853.6 deprived the trial court of jurisdiction to proceed and automatically relieved defendant of any obligation to appear. Based on this conclusion, it ordered the issuance of a peremptory writ of mandate directing the trial court to vacate its order and to reconsider defendant's motion in a manner consistent with the Appellate Division's conclusion.

The People filed a petition to transfer the matter to this court, seeking review of the Appellate Division's conclusion that the failure to file a formal pleading within the 25-day period specified in section 853.6 relieved defendant of any obligation to appear

---

[1] Undesignated statutory references are to the Penal Code.

2

for any further proceedings in the trial court.  We construed the People's petition as a petition for writ of mandate seeking review of the Appellate Division's order (Code Civ. Proc., § 904.3).  We conclude the Appellate Division abused its discretion by applying an incorrect principle of law in reaching its decision.  We will issue a peremptory writ in the first instance directing the Appellate Division to vacate its opinion and order and to reconsider the defendant's writ of mandate.

## II.  BACKGROUND[2]

On March 28, 2025, defendant filed a petition for writ of mandate with the Appellate Division seeking review of the trial court's denial of a motion to dismiss filed by defendant.  Defendant made the following allegations in support of her petition to the Appellate Division:

(1)  On October 2, 2021, defendant was arrested for misdemeanor DUI, was issued a notice to appear in court on December 14, and signed the citation with a promise to appear on the date noticed.

(2)  On November 17, 2021, the People filed a misdemeanor complaint charging

---

[2]  While the record of the relevant trial court and Appellate Division proceedings were transmitted to this court pursuant to Rules of Court, rule 1007, upon the filing of the People's petition to transfer, it is unnecessary for us to consider these records to reach a disposition in this writ proceeding.  Instead, on our own motion, we take judicial notice of defendant's initial petition for writ of mandate filed with the Appellate Division for the purpose of determining the allegations upon which relief was sought and the Appellate Division's opinion for the purpose of determining whether an abuse of discretion occurred in reaching its decision.  (*People v. Stubblefield* (2024) 107 Cal.App.5th 896, 914, review granted Mar. 12, 2025, S289152; Evid. Code, §§ 452, 459.)  The truth of the factual matters set forth in the records of the trial court and Appellate Division are not necessary to the disposition of this writ proceeding, and we decline to take judicial notice of any other matter.

defendant with misdemeanor DUI.

(3) On December 14, 2021, defendant failed to appear, and a bench warrant for her arrest was issued.

(4) The bench warrant was recalled after defendant was subsequently stopped by a law enforcement officer and received a new citation to appear. She again failed to appear in response to the new citation, and a new bench warrant was issued for her arrest.

(5) In March 2024, the bench warrant was recalled when defendant voluntarily contacted the clerk of the court and requested that her matters be added to the court calendar. She subsequently appeared and pled not guilty to the allegations of the complaint.

(6) On January 27, 2025, defendant filed a motion to dismiss in the trial court, arguing that she was denied a speedy trial under the 6th amendment.

(7) On February 25, 2025, the trial court denied defendant's motion, concluding, in part, that defendant's two failures to appear contributed to the delay in bringing her case to trial.

On June 11, 2025, a divided panel[3] of the Appellate Division issued an opinion concluding: (1) the failure of the district attorney to file a misdemeanor complaint within the 25 days specified in section 853.6, subdivision (a), rendered defendant "automatically freed from any restraint on her person" because "the government no longer had the right to demand her presence in court"; (2) the inability to compel defendant to appear

---

[3] One judge on the panel dissented from the opinion.

rendered the trial court without personal jurisdiction over the defendant; and (3) because the trial court lost personal jurisdiction over the defendant, "defendant cannot be faulted for failing to attend court in the absence of a valid assertion of jurisdiction over her" for purposes of conducting a speedy trial analysis under the Sixth Amendment. The Appellate Division ordered the issuance of a peremptory writ in the first instance directing the trial court to vacate its order denying defendant's motion to dismiss and to reconsider the motion in a manner consistent with its opinion.

On July 14, 2025, the People filed a "petition for transfer" of the matter to this court. However, in substance, the petition sought review of the appellate department's conclusion that the failure to comply with the filing timeline in section 853.6 relieved defendant of any obligation to appear.

On July 29, 2025, we issued an order granting the petition and notifying the parties that any decision would be based upon the record transmitted to this court in conjunction with the petition for transfer. However, on October 29, 2025, we sent notice to the parties that we would construe the petition for transfer a mislabeled petition for writ of mandate seeking review of the Appellate Division's decision, notified them that we were considering issuance of a peremptory writ in the first instance, and invited the parties to notify the court of any objection.

## III. DISCUSSION

### A. *Jurisdictional Issues*

As an initial matter, we address the procedural irregularity in which the People sought to bring this matter before this court. The petition filed by the People is entitled a "petition for transfer" but, in substance, seeks review of the Appellate Division's opinion,

5

arguing that the Appellate Division's opinion conflicts with current published authority and leads to an "absurdity."

However, the Legislature has provided that "[a] court of appeal may order any case *on appeal* to a superior court in its district transferred to it for hearing and decision as provided by rules of the Judicial Council . . . ." (Code Civ. Proc., § 911 [emphasis added].)[4] Likewise, the Rules of Court applicable to transfer of cases specifically provide that the rules "govern the transfer of cases within the *appellate* jurisdiction of the superior court" and "[u]nless the context requires otherwise, the term 'case' as used in these rules means cases within that jurisdiction." (Cal. Rules of Court, rule 8.1000.) We are unaware of any statutory authority providing for transfer of cases that arise in the context of the Appellate Division's original jurisdiction, such as the writ of mandate filed by defendant with the Appellate Division in this case.

Instead, a decision by the Appellate Division granting or denying a writ of mandate is not appealable and reviewable only by way of extraordinary writ. (Code Civ. Proc., § 904.3; *Anchor Marine Repair Co. v. Magnan* (2001) 93 Cal.App.4th 525, 529 ["A petition for a writ of mandate is also the appropriate vehicle permitting the Court of

---

[4] We recognize that the Rules of Court providing for transfer do not reference this limitation. (Cal. Rules of Court, rules 8.1002, 8.1008.) However, "if a statute even implicitly or inferentially reflects a legislative choice to require a particular procedure, a rule of court may not deviate from that procedure," and "[t]he Legislature's primary constitutional authority to provide the rules governing judicial procedure necessarily controls over the Judicial Council's secondary rulemaking authority." (*Trans-Action Commercial Investors v. Firmaterr* (1997) 60 Cal.App.4th 352, 364-365; *People v. Hall* (1994) 8 Cal.4th 950, 960 [The judicial council "may not adopt rules that are inconsistent with the governing statutes."].) Thus, the relevant Rules of Court pertaining to transfers must be interpreted in light of any statutory limitations on such transfers.

Appeal to review orders issued by the appellate division."]; *Wolf v. Appellate Division of Superior Court* (2019) 38 Cal.App.5th 699, 701 [same].) Thus, where a party is, in substance, seeking review of the reasoning or application of law by the Appellate Division in a matter arising from the Appellate Division's original jurisdiction, the appropriate avenue to seek review should be by way of extraordinary writ. In light of this jurisdictional issue, the appropriate disposition in the normal course would be for us to vacate our order granting transfer, retransfer the case to the Appellate Division without decision, and deny the petition for transfer, without prejudice to the parties' right to file a writ of mandate seeking review of the appellate division's judgment. (Rules of Court, rule 8.1016(b).)

Nevertheless, " '[t]he label given a petition, action or other pleading is not determinative; rather, the true nature of a petition or cause of action is based on the facts alleged and remedy sought in that pleading. . . . [A] court in its discretion may treat a motion or petition for a different writ as a mislabeled petition for writ of mandate." (*People v. Picklesimer* (2010) 48 Cal.4th 330, 340-341 [An appellate court has discretion to deem a mislabeled postjudgment motion as a petition for writ of mandate.]; *People v. Superior Court* (*Vandenburgh*) (2025) 108 Cal.App.5th 277, 288 ["[A]n appellate court may . . . treat a motion as a petition for writ of mandate in the first instance."].) The exercise of such discretion is particularly appropriate where "[t]he merits of the issue have been fully briefed by the parties" and reaching the merits will promote "the interests of justice and judicial economy." (*County of Orange v. Superior Court* (2007) 155 Cal.App.4th 1253, 1257.)

In this case, the underlying procedural history is undisputed, and the parties seek

resolution of a purely legal issue regarding the interpretation and application of section 853.6, subdivision (e)(3)(B).[5] It would waste judicial resources to retransfer the matter to the Appellate Division without decision, let the peremptory writ issued by the Appellate Division stand, require the parties to undergo a new hearing before the trial court to render a new ruling based upon the Appellate Division's opinion, and then have the parties raise the same issue with this court again by way of a petition for writ of mandate from the subsequent order of the trial court. More importantly, requiring the parties to go through this process would not be in the interests of justice, as it would add significant delay to resolution of defendant's claim regarding her Constitutional right to a speedy trial. Thus, to resolve any doubts regarding our jurisdiction in this matter, preserve judicial economy, and prevent any further unnecessary delay to resolution of defendant's underlying claim, we construed the People's petition for transfer as a petition for writ of mandate seeking review of the Appellate Division's decision. As we explain below, we conclude the Appellate Division abused its discretion and we issue a peremptory writ in the first instance directing the Appellate Division to vacate its order and to reconsider defendant's petition for writ of mandate in a manner consistent with the principles set forth in this opinion.

---

[5] In her informal response, defendant contends that writ relief in this case would violate due process because the People's petition "doesn't identify the legal error to be reviewed or the factual predicate on which relief is sought." We disagree. While styled as a petition for transfer, the People's petition clearly stated a single legal issue submitted for review under a separate heading entitled "Issue For Review." The petition also attached exhibits consisting of the Appellate Division's opinion, which furnishes all of the factual predicate necessary to evaluate a claim that the Appellate Division incorrectly applied the law.

B.  *Legal Background and Standard of Review*

Generally, a criminal defendant has a right to a speedy trial under both the United States and California constitutions.  (*People v. Martinez* (2025) 108 Cal.App.5th 755, 762-763; U.S. Const., 6th Amend.; Cal. Const. Art. 1, § 15.)  The state and federal speedy trial rights differ in certain respects, as well as differ with respect to whether a felony or misdemeanor is charged.  (*See Martinez*, at pp. 762-769.)  A criminal defendant usually bears the burden of establishing actual prejudice in order to prevail on a claim that his speedy trial rights have been violated under any of the applicable standards.  (*Ibid.*)

However, "a delay of more than one year in a misdemeanor case is presumptively prejudicial" for purposes of analyzing whether the federal constitutional right to a speedy trial has been violated.  (*Dews v. Superior Court* (2014) 223 Cal.App.4th 660, 665; *Serna v. Superior Court* (1985) 40 Cal.3d 239, 252-254.)  A showing of actual or presumptive prejudice is a "triggering mechanism," which then requires the court to conduct a balancing test based upon the factors identified by the United States Supreme Court in *Barker v. Wingo* (1972) 407 U.S. 514 (*Barker*).  These factors include " 'whether [the] delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result.' " (*Dews*, at p. 665; *Martinez*, at p. 764.)

Generally, "[w]e review a trial court's ruling on a motion to dismiss for prejudicial delay for an abuse of discretion and defer to any underlying factual findings if supported by substantial evidence." (*People v. Manzo* (2023) 96 Cal.App.5th 538, 542.)  Similarly, we review the decision of the Appellate Division to determine whether it abused its

9

discretion or exceeded its jurisdiction.  (*Dews*, *supra*, 223 Cal.App.4th at p. 664.)

C.  *Application*

In this case, the Appellate Division issued a writ of mandate directing the trial court to vacate its order denying defendant's motion to dismiss.  In doing so, it reasoned that (1) the failure of the People to file a misdemeanor complaint within the 25 days specified in section 853.6, subdivision (a), rendered defendant "automatically freed from any restraint on her person" because "the government no longer had the right to demand her presence in court"; (2) the inability to compel defendant to appear rendered the trial court without personal jurisdiction over the defendant; and (3) because the trial court lost personal jurisdiction over the defendant, "defendant cannot be faulted for failing to attend court in the absence of a valid assertion of jurisdiction over her" for purposes of conducting a speedy trial analysis under the Sixth Amendment.  We conclude this was error.

The Sixth Amendment's right to a speedy trial "attaches upon arrest *unless* the defendant is released without restraint or charges are dismissed." (*People v. Martinez* (2000) 22 Cal.4th 750, 762; *United States v. Loud Hawk* (1986) 474 U.S. 302, 311.)  Thus, "it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment." (*United States v. Marion* (1971) 404 U.S. 307, 320.)

Generally, arrests for misdemeanors in California are subject to the procedures set forth in section 853.6, commonly referred to as a "cite-and-release procedure." (*People v. Gourley* (2011) 197 Cal.App.4th Supp. 1, 4-5.)  Under the cite-and-release procedure,

10

"a person arrested for a misdemeanor offense, 'in order to secure release, shall give their written promise to appear' for arraignment as directed in a citation, or notice to appear." (*People v. Buchanan* (2022) 85 Cal.App.5th 186, 193 (*Buchanan*).) As relevant to this case, the statutory scheme then contemplates that "the prosecuting attorney, within their discretion, may initiate prosecution by filing the notice or a formal complaint with the magistrate specified in the . . . notice within 25 days from the time of arrest." (§ 853.6, subd. (e)(3)(B).) The statute further provides that "[t]he failure by the prosecutor to file the notice or formal complaint within 25 days of the time of the arrest shall not bar further prosecution of the misdemeanor charged in the notice to appear. However, any further prosecution shall be preceded by a new and separate citation or an arrest warrant." (*Ibid.*)

Contrary to the conclusion reached by the majority in the Appellate Division opinion, the failure to file a formal charge within the 25 days specified in section 853.6, subdivision (e)(3)(B), does not deprive the government of the right to demand the cited person's presence in court and does not render the cited individual "automatically freed from any restraint on her person." By statute, a person who has been released upon a written promise to appear is subject to criminal prosecution (§ 853.7), fines (§ 853.7a), and subsequent arrest for the failure to appear (§§ 853.8, 978.5, subd. (a)(4)). None of these statutorily imposed consequences are contingent upon the filing of formal charges related to defendant's initial arrest and citation. Clearly, where a released arrestee remains subject to the threat of prosecution, fines and subsequent arrest merely for failure to appear as agreed in a written promise to appear, that individual cannot be considered released free from restraint. Further, since the threat of arrest, fine, and prosecution is not

11

contingent on the filing of formal charges in conformance with the procedures set forth in section 853.6, the failure of the prosecutor to comply with the timeline specified in section 853.6 cannot, on its own, operate to relieve the released arrestee from the obligation to appear.

This concept was clearly explained in *Buchanan*, *supra*, 85 Cal.App.5th at p. 186. In *Buchannan*, defendants were arrested, released pursuant to the cite-and-release procedure, and the date specified on each notice to appear passed without the filing of formal charges. (*Id.* at p. 190.) The district attorney subsequently filed formal charges, and defendants moved to dismiss on Sixth Amendment grounds. (*Id.* at p. 191.) The Court of Appeal explained that "[i]ssuance of the citation served defendants with notice not only of the issuing officer's accusation and assertion of probable cause but of their obligation to appear in court on a date certain on pain of further criminal liability," and "the statutory scheme at least initially subjected defendants to restraint sufficient to implicate Sixth Amendment protection." (*Id.* at p. 193.) Thus, it concluded that defendants, "though released, remained subject to the 'continuing restraint' of the obligation to comply with the notice." (*Id.* at p. 195.) Only after the notice to appear date passed without the filing of formal charges were defendants "freed without restraint in a position indistinguishable from any other individual subject to an ongoing criminal investigation." (*Id.* at p. 196.)[6]

---

[6] For this reason, we also disagree with defendant's contention that this matter is not appropriate for writ relief because the People's arguments conflict with *Buchannan* and are not based upon settled law. In our view, *Buchannan* is not authority for the proposition urged by defendant and adopted by the Appellate Division. When understood in its proper context, *Buchannan* does not hold that the trial court loses personal jurisdiction over a criminal defendant when the time specified in section 853.6

12

To reach a contrary conclusion, the Appellate Division relied upon language in *Gourley, supra*, 197 Cal.App.4th Supp. 1, holding that the failure to file formal charges within the time specified in section 853.6 results in a "lapsed prosecution." Based upon this language, the Appellate Division concluded that the trial court loses personal jurisdiction over an arrestee once the 25-day period lapses without the filing of formal charges. However, *Gourley* was not concerned with resolving a question of jurisdiction. While the opinion in *Gourley* observed that "[u]nder [section 853.6], a notice to appear loses its efficacy as an accusatory pleading if neither the citation nor a criminal complaint is filed within the allotted 25 days," the question actually considered in *Gourley* was what procedures were necessary to resume the lapsed prosecution. (*Id.* at p. 5.) *Gourley* did not hold that a trial court loses jurisdiction merely upon the failure of the prosecutor to file a formal charge within the time frame specified in section 853.6, as the appellate division in this case concluded. In fact, *Gourley* explicitly held that the failure to fully comply with the provisions of section 853.6 was not the type of procedural defect that deprives a trial court of jurisdiction, instead concluding that substantial compliance was sufficient. (*Id.* at p. 11.)[7]

---

lapses without the filing of a formal accusatory pleading and is fully consistent with the position urged by the People in this proceeding.

[7] We also observe that the Appellate Division's interpretation of *Gourley* would conflict with otherwise well-established precedent. California decisional authority has long held that the failure to comply with statutory timelines in criminal proceedings do not create the type of jurisdictional defect that deprives the trial court of the power to proceed. (*Cowan v. Superior Court* (1996) 14 Cal.4th 367, 374 [trial court does not lack jurisdiction to try a criminal case merely because the action may be time-barred by a statute of limitations]; *People v. Clark* (2016) 63 Cal.4th 522, 551-553 [trial court does not lose jurisdiction merely because of a failure to conduct a preliminary hearing within the timeframe mandated by § 859b]; *People v. Gompper* (1984) 160 Cal.App.3d Supp. 1,

13

Thus, contrary to the conclusion reached by the Appellate Division, defendant's failure to appear as agreed to in her written promise to appear remains relevant to an evaluation of the *Barker* factors. Defendant's Sixth Amendment right to a speedy trial attaches at the time of arrest and continues so long as she remains either formally accused or subject to restraint as a condition of her release. So long as either of these conditions are present, defendant is not in the position of an arrestee who is free pending an ongoing investigation pursuant to a dismissal or release without charges.

While our review of the Appellate Division's decision is deferential under the abuse of discretion standard (*Dews*, *supra*, 223 Cal.App.4th at p. 664), " '[w]hen a trial court's decision rests on an error of law, that decision is an abuse of discretion.' " (*People v. Lopez* (2021) 66 Cal.App.5th 561, 574; *People v. Superior Court (Humberto S.)* (2008) 43 Cal.4th 737, 755.) Thus, the Appellate Division's issuance of a writ of mandate directing the trial court to vacate the order denying defendant's motion to dismiss and to reconsider the motion by applying an incorrect legal standard constitutes an abuse of discretion. We express no opinion whether, upon reconsideration of the cause, a writ of mandate directed to the trial court may be warranted on other grounds.[8]

---

7 [failure to comply with the notice provisions of section 853.9 does not deprive trial court of fundamental subject matter or personal jurisdiction].)

[8] Because the Appellate Division rested its decision on the erroneous conclusion that the trial court misapplied one *Barker* factor, it had no occasion to consider whether the trial court's application of all of the *Barker* factors might constitute an abuse of discretion warranting reversal. Further, given the unique procedural posture of this case, the record before us is inadequate for this court to conduct an analysis regarding the propriety of the trial court's underlying order denying defendant's motion to dismiss, as the full record of trial court proceedings has not been submitted to us in a manner proscribed by the California Rules of Court.

Because the question we resolve is purely a question of law and the error is apparent on the face of the Appellate Division's opinion, the error is entirely clear under well-settled principles of law and undisputed facts. Additionally, because the matter implicates resolution of defendant's claim of violation of her constitutional right to a speedy trial, the interests of justice demand prompt resolution of the matter without unnecessary delay. Finally, we have given notice to the parties of our intention to treat and resolve the matter as a petition for writ of mandate and are satisfied that the defendant has had a sufficient opportunity to address the sole legal issue presented in the People's petition to satisfy any due process concerns. (*Palma v. U.S. Industrial Fasteners*, *Inc.* (1984) 36 Cal.3d 171.) For all of these reasons, we believed issuance of a peremptory writ in the first instance directing the Appellate Division to vacate its order and reconsider the cause in a manner consistent with this opinion is warranted.

## IV. DISPOSITION

We vacate our order granting the petition to transfer and instead construe the petition filed by the People as a petition for writ of mandate seeking review of the Appellate Division's decision. On our own motion, we take judicial notice of the petition for writ of mandate filed by defendant in the Appellate Division as well as the Appellate Division's opinion and order granting her petition. Let a writ issue directing the Appellate Division to (1) vacate its opinion and order of June 11, 2025, and (2) reconsider defendant's petition for writ of mandate seeking review of the trial court's order in a manner consistent with this opinion. This opinion is made final immediately as to this court. (Rules of Court, rule 8.490(b)(2)(A).)

15

FIELDS                        
                          J.

We concur:

RAMIREZ                    
                      P. J.

CODRINGTON          
                    J.